**Owens L. DENTON, Plaintiff,**

v.

**The UNITED STATES of America and Bruce E. Lambert, as District Director of Internal Revenue at Newark, N. J., Defendants.**

Civ. A. No. 568–54.

United States District Court
D. New Jersey.

July 26, 1955.

Joyce & Brown, Bloomfield, N. J., for plaintiff, John D. Graves, New York City, of counsel.

Raymond Del Tufo, Jr., U. S. Atty., White Plains, N. J., by Benjamin H. Pester, Sp. Asst. to the Atty. Gen., for defendants.

MODARELLI, District Judge.

This is an action commenced by a taxpayer against the United States and the District Director of Internal Revenue wherein plaintiff asks this court (a) to

enjoin defendants' efforts to collect certain tax assessments, and (b) to vacate the assessments.

There is no dispute regarding the facts; they are frankly and fully admitted in the complaint. On January 15, 1947, the plaintiff-taxpayer filed his 1946 estimated income tax return calling for an estimated refund of $1,551.52. He reported that a partnership in which he had an interest suffered a deficit, which he estimated as $4,500. On March 15, 1947, he filed his final amended return for 1946 and reported the partnership deficit as $5,472.39, thereby entitling him to a refund of $2,008. Subsequently, his bookkeeper received two refund checks: (1) $1,551.52, and (2) $2,008. Due to a clerical error, the latter check should have been for $456.48; the error by the Government was that in sending two separate refund checks to the taxpayer, one based on his estimated return and the other based on his final return, the refund already sent based on his estimated return was erroneously disregarded in sending him the refund based on his final return.

On August 24, 1950, the Commissioner of Internal Revenue sent to plaintiff a so-called thirty-day letter to the effect that "* * * the following adjustment of your tax liability appears to be warranted * * * 1946 Deficiency—Income Tax $2,550.87." [1] Following an administrative hearing plaintiff's protest was denied, and on December 8, 1950, the Commissioner issued against plaintiff an assessment of $1,551.52 [2] for 1946. It is the collection of this assessment which plaintiff now seeks to enjoin.

Plaintiff does not dispute that he erroneously received $1,551.52; he contends that this court should enjoin the

Government's attempt to collect the money because it has followed an improper procedure in attempting to retrieve the erroneous refund resulting from the mathematical error. He asks this court to hold that when the Government erroneously sends to a taxpayer an admittedly excessive refund of money a court should enjoin the collection of it by the assessment procedure.

The issue is whether under the Internal Revenue Code of 1939 [3] this taxpayer has the right to maintain this action to enjoin the Commissioner from assessing and collecting the amount admittedly erroneously refunded to the taxpayer as the result of a mathematical error.

Sections 3653(a) and 272(a)(1) of the Internal Revenue Code of 1939 [4] provide that no suit to restrain the assessment or collection of any tax shall be maintained in any court except where the Commissioner has determined there is a deficiency and sends a so-called ninety-day letter to the taxpayer, who petitions The Tax Court for a redetermination of the deficiency. Here, the Commissioner is not required to send such a letter because the assessment is not based on a deficiency [5] but it is, as argued by the Government, based on the amount shown to be due in the taxpayer's return, i. e., the amount of tax already paid and the amount of the disputed assessment together are not greater than the amount the taxpayer himself computed in his final return as his lawful tax debt. [6]

Plaintiff argues that he has a right under § 272(a)(1) of the Internal Revenue Code of 1939 [7] to The Tax Court adjudication because the sole power of assessment granted to the Commissioner is under § 271 et seq. of the 1939 Code

---

1. The amount includes a portion of plaintiff's tax not involved in this case.

2. Plus $347.20 interest.

3. 26 U.S.C.A.

4. 26 U.S.C.A. §§ 3653(a), 272(a) (1).

5. See Hastings & Co., Inc., v. Smith, 3

Cir., 224 F.2d 875 (opinion filed July 12, 1955) where also the Commissioner was not attempting to assess or collect any deficiency, so that § 272(a) was inapplicable.

6. 26 U.S.C.A. § 271(a).

7. 26 U.S.C.A. § 272(a) (1).

relating to deficiencies.[8] But here the Commissioner is not attempting to assess or collect a deficiency, tax-wise speaking, because there is none. That being so, notice provisions of § 272(a) are not applicable.

While there is no pertinent express statutory provision granting assessment power to the Commissioner to collect mathematically erroneous refunds to taxpayers, § 272(f) of the 1939 Code[9] relates to the converse situation where the *taxpayer* has made a mathematical error upon the face of his return. If on account of such an error, an amount of tax is due in excess of that shown upon the return, then an assessment may be made for the correct amount. When that is done, by the terms of the statute the assessment is not considered "* * * as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board[10] based on such notice, nor shall such assessment or collection be prohibited * * *" by a court injunction. Here, the Commissioner demands money from the taxpayer he admittedly erroneously received. The situation is analogous to a 272(f) case where the mathematical error is by the taxpayer; and the section expressly provides that in such a case the taxpayer has no right to obtain The Tax Court adjudication and the collection shall not be enjoined. The reason is obvious: There is no need for a "redetermination of the deficiency"[11] because the merits of the assessed amount cannot be disputed and it is mathematically ascertainable. This is not a case involving an arbitrary assessment nor one involving a controversial amount. The taxpayer admits he received an excessive refund from the Government and the assessed amount is mathematically ascertainable. There is nothing for The Tax Court to decide as it is *impossible* for the taxpayer to show he does not owe the money

which he now seeks to retain by enjoining the Commissioner from collecting it by the assessment method.

Plaintiff relies upon Maxwell v. Campbell,[12] which he argues is a "direct precedent." The case is properly distinguishable in that it did not involve an admittedly erroneous refund, the taxpayers having contested the amount of the liability. Here, only procedure is in issue. While the case did hold that the assessment procedure was improper, the court noted that the Commissioner offered evidence to the effect that pursuant to the taxpayers' request "* * * certain erroneously claimed over payments had been credited to his 1944 estimated tax * * * later all erroneous credits were revised and assessment of income tax * * *" was made. Thus, the court properly held that the assessments were deficiency assessments so that under § 272(a)(1) of the 1939 Code the taxpayers were entitled to a so-called ninety-day letter thereby enabling them to apply for relief to The Tax Court.

I can see no reason why an amount admittedly erroneously refunded by the Commissioner should not be recovered by the administrative process of assessment and collection. I, therefore, hold that the taxpayer in this case does not have the right to maintain this action to enjoin the Commissioner from assessing and collecting the amount erroneously refunded as a result of a mathematical and clerical error.

There is no need to discuss nor decide the other issues raised by the Government regarding the sovereign immunity of the United States as a defendant and the indispensability of the Commissioner of Internal Revenue as a party.

An order may be submitted in conformity with the opinion herein expressed.

---

8. 26 U.S.C.A. § 271 et seq.

9. 26 U.S.C.A. § 272(f).

10. Name changed to The Tax Court of the United States, 26 U.S.C.A. § 1100.

11. 26 U.S.C.A. § 272(a) (1).

12. 5 Cir., 205 F.2d 461, 463.