FILM TRUCK SERVICE, INC., a Michigan corporation, Plaintiff,

v.

Raphael I. NIXON, in his capacity as District Director of Internal Revenue, and United States of America, jointly and severally, Defendants.

Civ. A. No. 21332.

United States District Court
E. D. Michigan, S. D.
April 4, 1963.

Blair Moody, Jr., Jordan Rossen, Sullivan, Elmer, Eames & Moody, Detroit, Mich., for plaintiff.

Louis J. Lombardo, Attorney, Department of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., for defendants.

LEVIN, Chief Judge.

This is an action by Film Truck Service, Inc., a Michigan corporation, against Raphael I. Nixon, the District Director of Internal Revenue, and the United States of America.

The defendant District Director, authorized by section 6331 of the Internal Revenue Code of 1954 to seize property of a delinquent taxpayer, seized plaintiff's property and sold it in two parts. The plaintiff alleges that under (e) (2) (B) of section 6335, the defendants were required to offer and sell the seized prop-

erty as a unit rather than as separate items and therefore did not produce "the highest aggregate amount." The sales did not net a sum sufficient to pay the amount of unpaid taxes, and the plaintiff seeks to recover the difference between the proceeds of the sales which were applied upon its unpaid taxes and the amount which it claims would have been achieved by the Director if the property had been sold as a unit.

 It is settled law that the United States may not be sued without its consent. The Tort Claims Act expressly provides that no suit may be brought under it for "any claim arising in respect to the assessment or collection of any tax or customs duty * * *." 28 U.S.C. § 2680(c).

However, the plaintiff relies upon 28 U.S.C. § 1346(a) (1), permitting taxpayers' suits for the "recovery of any internal-revenue tax alleged to have been * * * in any manner wrongfully collected under the internal-revenue laws." But this provision, contrary to plaintiff's contention, refers to tax refund suits only. It indeed would be a strange application of this section if it were interpreted so that the Government would be liable to a taxpayer, not only for an overpayment of taxes, but also for amounts which the Government could have applied on the taxpayer's indebtedness if the Government had adopted the taxpayer's view of what would be the most productive way to sell the taxpayer's property. For a discussion of the scope of this section, see Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623.

The plaintiff has not avoided his difficulty by denominating the District Director a defendant. The rule of sovereign immunity, being a most pervasive rule of substance, cannot be avoided by the mere form of denominating the District Director a defendant. Moore Ice Cream Co. v. Rose, 289 U.S. 373, 383, 53 S.Ct. 620, 77 L.Ed. 1265.

Insofar as this action is an action against Raphael I. Nixon personally, it must be dismissed for the additional reason that this action does not come within either the federal question or the diversity jurisdiction of this court. The plaintiff does not even allege diversity of citizenship. Nor does federal question jurisdiction arise simply because the District Director's defense would be based upon federal law. See the opinion of Mr. Justice Cardozo in Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

An order shall be entered dismissing the plaintiff's action.