Siegfried W. DIETRICH

v.

Donald C. ALEXANDER et al.

Civ. A. No. 76–3145.

United States District Court,
E. D. Pennsylvania.

Jan. 21, 1977.

Siegfried Dietrich, pro se.

David W. Marston, U. S. Atty., Robert S. Forster, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

A. L. HIGGINBOTHAM, District Judge.

## MEMORANDUM OPINION AND ORDER

Dr. Siegfried W. Dietrich, a dentist residing in Downingtown, Pennsylvania, filed a *pro se* complaint against the defendants, officials and employees of the Internal Revenue Service, seeking an injunction barring the defendants from collecting the unpaid portion of the plaintiff's 1974 federal income tax until such time as he is accorded ". . . his right to exhaust all administrative procedures normally available to taxpayers in order to amicably determine the exact amount of tax for which he is liable *before* payment and *without* being subjected to willful oppression, abuse, . . . or deprivation of any of his rights, privileges and immunities secured by the United States Constitution. . . ." [emphasis in the original, Plaintiff's Memorandum, page 2]

The defendants seek dismissal of plaintiff's complaint on the grounds that it is barred by the Anti-Injunction Act [26 U.S.C. § 7421(a)] and by the federal tax exception to the Declaratory Judgment Act [28 U.S.C. § 2201]. For the reasons stated herein, the defendants motion is granted.

The facts giving rise to this litigation can be briefly stated. Dr. Dietrich remitted $1,109.92 with his 1974 federal income tax return, although according to the statutory computation method used by the plaintiff, and acknowledged by the defendants as being correct, the plaintiff owed $3,779.98. The plaintiff has refused to pay the remaining liability of $2,670.96, plus accruals. Plaintiff has apparently challenged the statutory method for computing income tax set forth in 26 U.S.C. § 1, and believes that the Porth theory, based on the gold standard and on certain Scriptural quotations, is the appropriate method. [Defendants' Motion and Memorandum, page 2]

The plaintiff requested a district conference. But the defendants refused, maintaining that a district conference would be inappropriate in this case; conferences are provided only where the substantive factual or legal basis for the tax, as opposed to the method of computation, is in issue. Additionally, the defendants informed the plaintiff that he would have an opportunity to raise his contentions as to the appropriate computation method in a refund suit in the district court under 26 U.S.C. § 7422.

When the plaintiff refused to pay the deficiency allegedly owed, the defendants,

in accordance with statutory and administrative procedures, provided the plaintiff with Final Notices Before Seizure on August 15 and September ·19 of 1975. On October 1, 1976 a Final Notice of Seizure with respect to a 1972 tax liability not in issue in this litigation was sent to the plaintiff.

On October 4, 1976, the plaintiff requested *ex parte* that this Court issue a temporary restraining order against the defendants; that request was denied. A pre-trial conference between the parties was held on October 14, 1976 at which time the defendants agreed to refrain from any levy on plaintiff's property pending resolution of their motion to dismiss the complaint.

## I

Dr. Dietrich contends that he is merely seeking a "meaningful hearing" in order to determine his tax liability and that he is not attempting to restrain the assessment or collection of any tax. However, I find that the Anti-Injunction Act, 26 U.S.C. § 7421(a), is applicable to this case and that this court lacks jurisdiction of plaintiff's cause of action. The Anti-Injunction Act provides in pertinent part that:

> . . . [N]o suit for the purpose of restraining the assessment or collection of any tax liability shall be maintained in any court.

The United States Supreme Court, finding that the language of the Act is explicit, has stated that the principle purposes of the Act are to protect the government's need to assess and collect taxes ". . . as expeditiously as possible with a minimum of preenforcement judicial interference", *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974), and to "require that the legal right to the disputed sums be determined in a suit for refund", *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

In order to effectuate these purposes, the Supreme Court has held that almost all actions seeking injunctive relief against the assessment or collection of federal taxes are precluded. This preclusion can be avoided only upon proof of the presence of two factors: one, a showing that the plaintiff will suffer irreparable injury, an essential pre-requisite for injunctive relief in all cases; and two, a showing· that under no circumstances could the government prevail on the merits of its position. *Enochs v. Williams Packing & Navigation, supra*, at 6, 7, 82 S.Ct. 1128, 1129.

In *Thornton v. United States*, 493 F.2d 164 (3rd Cir., 1974), the Court of Appeals for this Circuit ruled that the burden was on the taxpayer to show that he falls within the exceptions to the statutory prohibitions against suits to restrain assessment or collection of any tax. Plaintiff in the instant case has failed. to show that irreparable damage will be done if. he is required to follow the usual procedure and pursue the remedy available to him at law by bringing a refund suit in the District Court after payment of the deficiency allegedly due. Moreover, the plaintiff has been unable to show that there is no basis upon which the government's position can be upheld.

## II

Any claims for declaratory relief implicitly sought by the plaintiff are also precluded. The federal tax exception of the Declaratory Judgment Act bars any declaratory suit "with respect to federal taxes" and prohibits "[any] further necessary or proper relief based on a declaratory judgment or decree . . .", 28 U.S.C. §§ 2201, 2202.

The Senate Report of the tax exception noted that the exception was intended to preserve tax "determinations as well as assessments and collections and to free such determinations from judicial. interference apart from the statutory review system". S.Rep.No.1240, 74th Cong., 1st Sess. 11 (1939–1 Cum.Bull. (Part 2) 651, 657).

Thus, the purpose of the tax exception to the Declaratory Judgment Act, like the Anti-Injunction Act, is to prevent the disruption which would occur to the

138

federal revenue gathering processes if these processes were subject to judicial interference prior to the actual determination, assessment and collection of tax liabilities. As Chief Justice Bazelon stated in *McGlotten v. Connally,* 338 F.Supp. 448, 452–453 (D.C.1972), ". . . the scope of this exception [and 2201] is coterminous with the breadth of the Tax Injunction Act . ." *Hartman v. Switzer,* 376 F.Supp. 486, 489 (W.D.Pa.1974).

██ I conclude that plaintiff's claims for injunctive and declaratory relief are specifically precluded by 26 U.S.C. § 7421(a) and by 28 U.S.C. § 2201. The taxpayer's contentions as to why the assessment of tax is not proper do not entitle him to injunctive or declaratory relief; he must pay the assessment either voluntarily or involuntarily and then pursue legal remedies for refund. *Denton v. United States,* 235 F.2d 733 (3rd Cir. 1956). Accordingly, the defendants' motion to dismiss is GRANTED.