**David SCHOEN and Peter Schoen, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 83 C 5417.**

United States District Court, N.D. Illinois, E.D.

Jan. 12, 1984.

John F. Lesch, Lesch & Lesch, Chicago, Ill., for plaintiffs.

Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., James K. Wilkens, Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

This action is brought by David Schoen, Peter Schoen and Cadwallader & Johnson ("C & J"), seeking a declaration that $52,-383 paid by C & J's co-assignees for the benefit of creditors was improperly applied by the Internal Revenue Service (the "Service"). Plaintiffs allege the Service applied this payment to the non-trust fund portion of taxes admittedly due from C & J, despite notice that these amounts were to be applied to the trust fund portion of those taxes. Since the Schoens are responsible corporate officers, as defined in sections 6671(b) and 6672 of the Internal Revenue Code ("IRC"), they are personally liable for trust fund taxes (but not non-trust fund taxes) not paid over by C & J to the Service. Currently before the Court is the government's motion to dismiss.

Despite plaintiffs' amendment of the complaint after the government's instant motion to dismiss was filed, the amended complaint contains no allegations that the Schoens paid any portion of the tax assessments made against them or filed claims for refund, as required by IRC § 7422(a). Therefore, David Schoen and Peter Schoen must be dismissed as parties to this action.

The government concedes that when a taxpayer submits a voluntary payment to the Service, he is entitled to designate the tax liability to which the payment will be applied. Rev.Rul. 73–304, 1973–2 Cum.Bull. 42 and Rev.Rul. 73–305, 1973–2 Cum.Bull. 43. The Seventh Circuit has recently interpreted a payment made by an assignee for the benefit of creditors to be such a voluntary payment, so long as no court has become involved in or ordered the payment. *Muntwyler v. United States*, 703 F.2d 1030 (7th Cir.1983). However, where the taxpayer fails to designate how the Service is to apply the payment, the Service is free to apply the funds as it sees fit. 703 F.2d at 1032. Therefore, if C & J's co-assignees properly designated their choice of how the payment was to be applied, the service was bound to follow their instructions. The attempted designation fails for three separate reasons.

First, the attempted designation was not made by the proper party. In *Muntwyler*, the assignee for the benefit of creditors designated how the payment was to be applied, while here, C & J's attorney

attempted to make the designation. When C & J made the assignment for the benefit of creditors, it assigned as well the power to make such a designation. Therefore, the letter from C & J's attorney had no effect. The "ratification" of the co-assignees, dated November 11, 1983, comes far too late to cure this flaw in the attempted designation of June 18, 1982.

 Second, the attempt to designate how the payment was to be applied was not timely. *See, e.g., Hirsch v. United States,* 396 F.Supp. 170, 172–73 (N.D.Ohio 1975) (designation following payment by 1–2 months held ineffective). The letter from C & J's attorney is dated June 18, 1982 while payment was made on June 11, 1982. The fact that the payment was not applied until June 22, 1982 is irrelevant. The designation was not made prior to or at the time of *payment.* The right of the taxpayer to designate allocation of a payment is contractual in nature, the designation being viewed as a condition of payment. But the "contract" is complete when the payment is "accepted" by the Service. The taxpayer cannot later unilaterally modify the terms of payment.

Third, the designation is too vague to support plaintiffs' allegation that it directed the Service to apply the payment to trust fund rather than to non-trust fund arrearages. *See Graper v. United States,* 206 F.Supp. 173, 180 (E.D.Wis.1962). The letter directs the Service to apply the payment "against principal of the tax due before any funds are applied against penalties or interest," but does not differentiate between trust fund and non-trust fund tax liabilities. While the affidavit of C & J's attorney explains that he telephoned a revenue officer on two occasions after the letter was sent, specifying application to trust fund liabilities, these attempts to clarify the letter came too late. The payment had been accepted without a clear direction to apply payment to trust-fund liabilities.

Although this motion was filed seeking a dismissal, both parties have submitted materials outside the pleadings.

Thus, the Court will treat the motion as one for summary judgment. Fed.R.Civ.P. 12(c). In accordance with Fed.R.Civ.P. 56, the parties were notified, at the status hearing held January 9, 1984, of the Court's intention to so treat the government's motion. The parties indicated, at that time, that they had already filed all materials that would be relevant to a motion for summary judgment. Therefore, the government's motion for summary judgment against C & J is granted.

IT IS THEREFORE ORDERED that

(1) David and Peter Schoen are dismissed as parties to this action.

(2) Summary judgment is entered for the United States and against C & J. This case is dismissed.