David SCHON, Peter Schon, and Cadwallader & Johnson, Inc., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–1621.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1985.
Decided April 10, 1985.

Pell, Senior Circuit Judge, dissented with opinion.

---

**615**

John Foster Lesch, Lesch & Lesch, Chicago, Ill., for plaintiffs-appellants.

David E. Carmack, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WOOD and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

This appeal concerns plaintiff-appellant Cadwallader & Johnson, Inc.'s claim that the Internal Revenue Service misapplied funds paid by a co-assignee of the appellant. The district court granted summary judgment for the United States, and Cadwallader & Johnson, Inc. appealed. 582 F.Supp. 47. We hold that the district court lacked jurisdiction and should have dismissed plaintiff's action.

I.

To aid in understanding the facts of this case, we first outline several federal taxes applicable to employers. The Internal Revenue Code requires every employer to withhold income and social security (FICA) taxes from the wages of its employees. I.R.C. §§ 3102, 3402 (West 1984). The employer also must pay the employer's share of social security, *see* I.R.C. § 3111 (West 1984), and a federal unemployment tax, *see* I.R.C. § 3301 (West 1984). An important distinction between these taxes is that I.R.C. § 7501 provides that the taxes withheld from employees' wages are held by the employer as "a special fund in trust for the United States." I.R.C. § 7501 (West 1984). The failure of a corporation to pay these "trust fund taxes" subjects any officer or employee of the corporation who is under a duty to forward the withheld tax to the government, *see* I.R.C. § 6671(b) (West 1984), to a penalty equal to the total amount of trust fund tax not paid over to the government. I.R.C. § 6672 (West 1984); *see also Monday v. United States,* 421 F.2d 1210, 1213–15 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). The non-trust fund taxes do not

subject responsible officers or employees to this penalty.

The present case concerns trust and non-trust fund taxes owed by Cadwallader & Johnson, Inc. for 1980 and 1981. On May 22, 1981, the company entered into an assignment for the benefit of creditors. On June 11, 1982, a co-assignee sent the Internal Revenue Service a check for $52,383.00 but did not indicate to which taxes the check applied. The attorney for Cadwallader & Johnson, Inc., who was not a co-assignee, mailed a letter to the Internal Revenue Service on June 18, 1982, requesting that the $52,383.00 be applied to the employee (trust fund) taxes. The attorney also stated that he spoke with an I.R.S. agent on the phone that day and gave him the same instructions. On June 22 and 24, 1982, the Internal Revenue Service, allegedly following Revenue Ruling 79–284, applied the funds to various non-trust fund taxes due from the company, leaving an unpaid trust fund liability. The Internal Revenue Service subsequently denied the company's claim that the funds were applied to the wrong taxes and assessed plaintiffs David and Peter Schon, as responsible corporate officers under sections 6671(b) and 6672 of the Internal Revenue Code, for the unpaid trust fund taxes.

The Schons filed this action in federal district court, asking the court to "direct that the funds paid by the Assignee ... be allocated to the trust portion of the taxes due as of the date of payment, and that the assessments against Peter Schoen [sic] [1] and David Schoen be abated accordingly."

The Schons later amended their complaint to add Cadwallader & Johnson, Inc. as a plaintiff. The district court dismissed the Schons as parties because they had not paid any portion of the taxes assessed against them and requested a refund as required by I.R.C. § 7422(a) (West 1984) [2] and granted summary judgment against Cadwallader & Johnson, Inc. on the ground that the co-assignee had not properly designated that the funds were to be applied to the trust fund taxes. Cadwallader & Johnson, Inc. made a motion for reconsideration which the district court denied, and it is from that order that Cadwallader & Johnson, Inc. appeals.

## II.

Whether the district court had jurisdiction over this action is the first and only issue we need to discuss.[3] Cadwallader & Johnson, Inc. argues that the district court had jurisdiction under 28 U.S.C. § 1346(a)(1), which provides that

The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

---

**1.** The complaint filed in the district court spelled the name "Schoen" but the amended notice of appeal and all briefs filed in this court have spelled the name as "Schon."

**2.** That section provides

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secre-

tary or his delegate established in pursuance thereof.
I.R.C. § 7422(a) (West 1984); *see also Boynton v. United States,* 566 F.2d 50, 52 (9th Cir.1977) (responsible person assessed tax under I.R.C. § 6672 must pay at least the divisible amount of penalty assessed).

**3.** The government argued that the district court lacked jurisdiction over the action, but the district court did not address the issue. Even if the government had not raised the jurisdictional issue, we could consider it *sua sponte. Indiana Port Comm'n v. Bethlehem Steel Corp.,* 702 F.2d 107, 109 (7th Cir.1983).

The appellant suggests that the Internal Revenue Service erroneously applied the $52,383.00 to non-trust fund taxes and that, in essence, the corporation is seeking a refund of the money paid on the non-trust fund taxes so that it can use the refund to pay the trust fund taxes due. The United States argues that what Cadwallader & Johnson, Inc. actually seeks is a declaratory judgment that the Internal Revenue Service should have applied the money to the trust fund taxes rather than the non-trust fund taxes. Since 28 U.S.C. § 2201 precludes a declaratory judgment "with respect to Federal taxes,"[4] the government argues that plaintiff could not bring this action in federal district court.

■■■■ We think Congress intended section 1346(a)(1) as a means for taxpayers who had payed too much to recoup the erroneously or illegally assessed or collected amount. But this is a narrow waiver of sovereign immunity, and accordingly we construe it strictly. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed.2d 1058 (1941); *Busse v. United States,* 542 F.2d 421, 425 (7th Cir.1976). For example, a taxpayer cannot rely on section 1346(a)(1) to bring suit alleging that the I.R.S. did not sell his assets so as to maximize the sale price and to minimize his remaining debt for unpaid taxes. *See Film Truck Service, Inc. v. Nixon,* 216 F.Supp. 77, 78 (E.D.Mich.1963). Similarly, a taxpayer may not rely on section 1346(a)(1) to challenge an erroneously or illegally assessed amount without first paying the full amount of an income tax deficiency. *See Flora v. United States,* 357 U.S. 63, 75–76, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958); *Boynton v. United States,* 566 F.2d 50, 52–54 (9th Cir.1977) (exception to *Flora* rule for divisible tax assessments).

■ In the present case, Cadwallader & Johnson, Inc. does not claim that the $52,-383.00 was erroneously or illegally assessed. Indeed, the company admits that it would still owe taxes to the federal government even if the Internal Revenue Service had applied the money to the trust fund taxes. Plaintiff instead argues that *United States v. Piedmont Mfg. Co.,* 89 F.2d 296, 299 (4th Cir.1937) supports its position that an erroneous application of the $52,-383.00 falls within the "erroneously ... collected" language of section 1346(a)(1). We think its reliance on *Piedmont* is misplaced. That case merely held that a taxpayer could sue the United States for overpayment of taxes even though the payment to the Collectors of Internal Revenue consisted of credits from overpayments in prior years. 89 F.2d at 297–99. Nothing in that case suggests that a taxpayer need not pay more tax than was due before the taxpayer can bring an action to recover the overpaid amount under 28 U.S.C. § 1346(a)(1). We therefore hold that the district court did not have jurisdiction under section 1346(a)(1) because Cadwallader & Johnson, Inc.'s claim was not one "for the *recovery* of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1) (emphasis added).

■ A functional analysis of appellant's claim further supports our holding that the district court had no jurisdiction. What the present case is really about is an attempt by David and Peter Schon to reduce their personal liability for trust fund taxes by having a federal court rule that the Internal Revenue Service should have applied the $52,383.00 to the trust fund taxes due. Thus plaintiffs' action is really one for a declaratory judgment, but 28 U.S.C. § 2201 precludes declaratory judgments with re-

---

**4.** Section 2201 provides

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights

and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. IRC § 7428 (West 1984) does not apply to the present case.

spect to federal taxes. *See Dietrich v. Alexander,* 427 F.Supp. 135, 137–38 (E.D. Pa.1977). Since the district court lacked jurisdiction to hear a claim for declaratory relief, *see Blech v. United States,* 595 F.2d 462, 467 (9th Cir.1979), we refuse to allow Cadwallader & Johnson, Inc. to create jurisdiction under section 1346(a)(1) by phrasing their request as one for a refund of money erroneously applied.[5] Section 2201 precludes declaratory relief and section 1346(a)(1) is not so broad as to include the plaintiffs' claim.

For the foregoing reasons, the judgment of the district court is vacated and the case is remanded to the district court with instructions to dismiss for lack of jurisdiction.

PELL, Senior Circuit Judge, dissenting.

As I understand the position of the corporation, it is that there was a proper designation that the amount paid by the assignee be applied to the trust fund taxes, that the IRS by not honoring this designation had, in the wording of 28 U.S.C. § 1346(a)(1), "illegally collected" this amount and therefore the corporation was entitled to a refund of the amount paid, even though the refund would take the form of a setoff of its liability for the trust fund taxes. The refusal of the IRS, if there had been a timely designation, to credit the amount paid appears to me to be a collection of taxes and one which was on an illegal basis because a timely designation by an assignee is a voluntary payment contrary to the position taken by the IRS at the time the payment was received. *Muntwyler v. United States,* 703 F.2d 1030 (7th Cir.1983).

While it appears to me therefore that there was properly jurisdiction in the district court, I agree with that court's deci-

sion that there was no proper designation. Accordingly, I respectfully dissent from the analysis of the majority but I would affirm the judgment of the district court on the merits.

---

5. In his dissent, Judge Pell concludes that crediting the amount paid to the non-trust fund taxes is an illegal collection of taxes for purposes of section 1346(a)(1). We agree with the holding of *Muntwyler v. United States,* 703 F.2d 1030 (7th Cir.1983), the case cited by Judge Pell, but we think that case is distinguishable because Muntwyler, the responsible corporate officer,

paid the tax and then sued for a refund. 703 F.2d at 1031–32. Similarly, the Schons can raise their claim that the $52,383.00 was misapplied by paying part of the trust fund taxes assessed against them and then bringing an action in district court. *See Boynton,* 566 F.2d at 52.