The **ECCLESIASTICAL ORDER OF the ISM OF AM, INC., Rev. George Nicholas Baustert and Janette C. Schwedt, Plaintiffs,**

v.

Joseph **CHASIN, Julia Shea Kane, Charles Gillette, Joseph Luperini, Melvin Blough and Robert Schervish, Defendants.**

Civ. A. No. 82–CV–70377–DT.

United States District Court,
E.D. Michigan, S.D.

Nov. 24, 1986.

---

Joseph Falcone, Southfield, Mich., for plaintiffs.

David S. Grossman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

JULIAN ABELE COOK, Jr., District Judge.

On January 15, 1980, the Ecclesiastical Order of the Ism of Am (Ism of Am) filed an application for recognition of a federal income tax exempt status under Section 501(c)(3) of the Internal Revenue Code of 1954 with the Internal Revenue Service (IRS). The application was denied. Shortly thereafter, the Tax Court, acting upon a declaratory judgment request by Ism of Am, declared that the denial of a tax exempt status was not constitutionally infirm. *Ecclesiastical Order of the Ism of Am v. Commr.*, 80 T.C. 833, 842 (1983).

On February 2, 1982, Plaintiffs filed a Complaint with this Court, seeking, among other things, a judicial determination that the Ism of Am was entitled to obtain a tax exempt status from the Internal Revenue Service. Subsequently, this Court dismissed the case on three grounds; to wit, (1) the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201, prohibited the granting of the requested relief, (2) the United States Government, acting through the IRS, is immune as a sovereign from any suit of this nature by taxpayers, and (3) the failure of Plaintiffs to identify any specific individuals as Defendants was fatal to their claims against unknown agents. On appeal, the Sixth Circuit affirmed the dismissal as to the IRS but remanded as to the unknown agents. *Ecclesiastical Order of the Ism of Am, Inc. et al v. Internal Revenue Service et al,* 725 F.2d 398 (6th Cir.1984).

On remand, this Court entered an Order which allowed Plaintiffs to file their Third Amended Complaint. Joseph Chasin, Julia Shea Kane, Charles Gillette, Joseph Luperini, Melvin Blough and Robert Schervish were named as Defendants. The Complaint was subsequently served on the Department of Justice who filed answers on behalf of the named Defendants. Summonses were not served upon the individually named Defendants. They now move for a dismissal, the entry of a summary judgment, and/or the imposition of sanctions. On June 6, 1986, Plaintiffs responded in opposition. That motion is presently before this Court.

## I.

Defendants contend that personal jurisdiction over them is lacking for three reasons. First, they assert that the service of process was insufficient under *Fed.R. Civ.P.* 4(a) because the summonses were issued only to the IRS, John Doe, and Mary Roe. According to Defendants, the substitution of the six individuals for John Doe and Mary Roe amounted to a change of parties within the meaning of *Fed.R.Civ.P.* 15(c). Therefore, *Fed.R.Civ.P.* 5(b) is inapplicable since the currently named Defendants were not parties at the time that the summonses were served.

Second, Defendants argue that they have been sued in their individual capacities. It is their belief that personal service should have been made in accordance with *Fed.R. Civ.P.* 4(d)(1), 4(c)(2)(C), and 4(e). Thus, they insist that service of process has not been effectuated because Plaintiffs have not personally served any of them with a summons and copy of the Complaint.

Third, Chasin, Luperini, Kane and Gillette, all of whom are non-residents of Michigan, claim that there is no basis for this Court to assert *in personam* jurisdiction over them because Plaintiffs have not met their burden of satisfying the minimum contacts requirements of the Michigan "long arm" statute, M.C.L.A. § 600.-715, and the constitutional requirements of due process.

In response, Plaintiffs admit that summonses were not issued in the names of the individual Defendants, citing an earlier determination by a Magistrate who held that the Department of Justice had entered a general appearance for all of the Defendants. On the basis of this theory, Plaintiffs believed that they had the right to proceed under *Fed.R.Civ.P.* 5(b) and effectuate service of process by serving the Department of Justice as the agent for all of the Defendants. Additionally, Plaintiffs argue that it was their intention to determine the identity of the responsible unknown IRS agents through discovery, and to have the summonses issued in the actual names of the agents. *Bivens v. Six Un-*

*known Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Next, Plaintiffs argue that Michigan's "long arm" statute vests this Court with jurisdiction over Chasin, Luperini, Kane, and Gillette. They contend that Defendants cannot raise the alleged lack of personal jurisdiction in a motion under *Fed.R. Civ.P.* 12(c) on any grounds other than those which were submitted in their first Motion to Dismiss. Thus, Plaintiffs assert that Defendants are bound by the arguments within their first Motion to Dismiss and, under *Fed.R.Civ.P.* 12(h)(1), any defense which was not made in the first Motion to Dismiss is waived, and the filing of an Amended Complaint does not revive the right to assert the defense.

Plaintiffs contend that Defendants have engaged in a course of conduct of religious discrimination which has caused them to suffer the loss of their constitutional rights to the freedom of religion, free speech, and due process, all of which was specifically designed to cause clearly foreseeable and intentional consequential harm in Michigan.

Finally, Plaintiffs have alleged a conspiracy among all of the Defendants, thereby allowing the actions of the Michigan Defendants to be attributed to their co-conspirators in Washington, D.C. *Williams v. Garcia,* 569 F.Supp. 1452 (E.D.Mich.1983).

In this case, service of process was never personally served on the named individual Defendants in accordance with *Fed. R.Civ.P.* 4. Instead, service was made on the Department of Justice in accordance with *Fed.R.Civ.P.* 5(b). The six individually named Defendants were arguably included as parties in the original Complaint which merely named "John Doe and Mary Roe" as unnamed IRS agents and as representatives of the specific IRS agents actually involved. This procedure has been accepted as proper and used by many courts. *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This Court believes that it is a proper procedure. The Rules of Civil Procedure are to be

liberally construed and are not narrowly read as Defendants would choose to have them read.

■■■ This Court also believes that quashing service for insufficient process under *Fed.R. Civ.P.* 12(b)(4) or insufficient service of process under *Fed.R.Civ.P.* 12(b)(5) is not an adjudication on the merits. The quashing of service in this case appears to be unwarranted since the rights of Defendants have not been impaired and, especially, because they have had actual notice of these proceedings through the representation of their interests by the Justice Department. Additionally, *Fed.R. Civ.P.* 4(h) allows this Court, in its discretion, to order an amendment of any process unless it clearly appears that material prejudice would be caused to the substantial rights of the opponent.

■■■ The Michigan "long arm" statute confers jurisdiction when (1) the transaction of any business within the state has occurred, or (2) the doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort. Further, constitutional requirements of due process are met when certain "minimum contacts" with the forum state exist. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Traditional notions of fair play and substantial justice would not be violated by the assertion of personal jurisdiction over the four Washington, D.C. Defendants, all of whom have ostensibly maintained a relationship with the other Defendants within the State of Michigan. Thus, it would appear that these Defendants have conducted the minimal amount of business contact within the State of Michigan which is required to satisfy M.C.L.A. § 600.705(1). *American Business Overseas v. Methods Research Products, Inc.,* 593 F.Supp. 1 (E.D.Mich. 1983). It would be unreasonable and unduly burdensome upon an aggrieved party and the federal court to require all taxpayer actions to be initiated only in Washington, D.C. Even the slightest amount of contact with the forum state, which does not offend the traditional notions of fair

play and substantial justice, is sufficient to confer jurisdiction upon this Court. As a result, this Court concludes that the exercise of jurisdiction over these Defendants, under the circumstances of this case, would not be constitutionally infirm.

### III.

Defendants contend that Plaintiffs are attempting to collaterally attack the determination of the Tax Court which held that the Ism of Am is not entitled to tax exempt status. They assert that Plaintiffs have not plead any specific acts of Defendants in violation of their statutory or constitutional rights.

In response, Plaintiffs claim to have identified several places in their Complaint where specific acts of misconduct by Defendants have been delineated. Plaintiffs also contend that the administrative remedy of seeking declaratory judgment action only concerned the Ism of Am's request for exempt status and did not encompass any First Amendment issues. Additionally, they claim that the administrative remedy was made ineffectual by (1) Defendants' own actions with regard to the administrative procedures which were used to mislead them, and (2) the concealment of evidence from the Tax Court that was used by Defendants in denying the Ism of Am's tax exempt status. Plaintiffs assert that Defendants' interference with the administrative process has effectively denied them their right to due process. They believe that this course of conduct mandates the maintenance of an administrative hearing in accordance with fundamental principles of fair play and applicable procedural standards established by law.

■■■ In considering a motion to dismiss under *Fed.R.Civ.P.* (12)(b)(6), an inquiry is limited to whether the allegations constitute a claim under the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of such a pleading is to provide notice to the opposing party. *Fed. R.Civ.P.* 8(a)(2). A complaint should not be

dismissed unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proven in support of the claim. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In passing on a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Legal sufficiency, not probability of success, is the test to be applied. Therefore, this Court must determine whether the Complaint states a valid claim for relief in a light which is most favorable to Plaintiffs and with every doubt resolved in their behalf. *Davey v. Tomlinson,* 627 F.Supp. 1458.

### IV.

Defendants submit that if this Court construes the Complaint to allege common-law tort violations, then they are absolutely immune from any claim for damages. On the other hand, they contend that if this Court finds that Plaintiffs have stated a claim under the Constitution, then the claims should be dismissed. Defendants claim that they have satisfied the requisite test for qualified immunity; to wit, the "objective reasonableness of an official's conduct as measured by reference to clearly established law." *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Defendants assert that they acted within the scope of their duties as employees of the IRS at all times, and did not undertake any actions which violated Plaintiffs' statutory or constitutional rights. Therefore, they believe that Plaintiffs' action is an "insubstantial suit." *Butz v. Economou,* 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978), and, as such, must be dismissed.

In reply, Plaintiffs deny that they are suing on the basis of common-law tort violations, or that IRS agents have absolute immunity. *Cameron v. IRS,* 773 F.2d 126 (7th Cir.1985). While agreeing that objective reasonableness is to be applied in resolving this issue, Plaintiffs argue that the defense of qualified immunity is no longer to be evaluated with reference to any subjective consideration of an officer's good faith in carrying out certain discretionary functions. They contend that "subjective inquiry with respect to religious truth" is specifically prohibited, *U.S. v. Dykema,* 666 F.2d 1096 (7th Cir.1981), and that Defendants went beyond the mere objective examination of Plaintiffs' activities by seeking specific information regarding their beliefs, and then based a decision directly on those beliefs.

Agents of the IRS do not have absolute immunity—only qualified immunity—from suit. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Thus, the IRS agents are insulated from suit if (1) reasonable grounds existed for the belief that the challenged action was appropriate, and (2) they acted in good faith. The test is based upon the objective reasonableness of the conduct as measured by reference to clearly established law. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Subjective inquiry into religious beliefs is forbidden. *U.S. v. Dykema,* 666 F.2d 1096 (7th Cir.1981), *cert. denied,* 456 U.S. 983, 102 S.Ct. 2257, 72 L.Ed.2d 861 (1982).

The declarations of the six Defendants indicate that none of them undertook any action relating to Plaintiffs which was in violation of a statutory or constitutional right. Thus, it would appear that each Defendant was acting within the scope of authority as employees of the IRS at all times. Express examination of the religious activities of the organization is permitted by 26 U.S.C. § 7605(c). *Dykema,* 666 F.2d at 1102. Without such an examination, it would be difficult to see how any church could qualify as a tax exempt organization "for religious purposes." *Id.* Thus, the inquiries by Defendants as to membership requirements (*e.g.,* "May an individual who is a member of another religion become a member of your Church? If so, on what basis? Is renunciation of former religious beliefs a prerequisite to membership in your church?") appear to be

appropriate inquiries that are relevant and necessary to the proper performance of those tasks which have been entrusted to the IRS by Congress.

■ Tax exemption is a privileged status and the taxpayer, who claims it has the burden of demonstrating entitlement thereto. *Id.* at 1099. The IRS has the statutory duty "to canvass and to inquire" into the status of all persons who may be liable to pay internal revenue tax. *Donaldson v. U.S.,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The decision to grant or deny tax exempt status does not constitute establishment of a religion. *Id.* 666 F.2d at 1100.

■ As a result, this Court believes that (1) there existed reasonable grounds for Defendants to believe that their challenged action was appropriate, and (2) Defendants acted in good faith. Therefore, Defendants are entitled to receive the protections of qualified immunity from Plaintiffs in the instant suit.

## V.

■ Defendants contend that this suit is really a suit against the sovereign, despite the efforts of Plaintiffs to characterize it as a claim against the named individuals. They argue that this must be considered to be an action against the sovereign if the judgment would (1) require an expenditure of funds from the public treasury, (2) interfere with the public administration, (3) restrain the Government from acting, or (4) compel the Government to act. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). Defendant points out that the Complaint does not allege that they acted outside of their official capacities as employees of the IRS. This suit, according to Defendants, is barred by sovereign immunity.

Plaintiffs say that they are suing the named Defendants in their individual capacities, pointing out that the United States of America was previously dismissed as a party by this Court—a decision which was subsequently affirmed by the Sixth Circuit.

The United States is a sovereign and, therefore, is immune from suit without its prior consent. *United States v. Shaw,* 309 U.S. 495, 500–501, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). The doctrine of sovereign immunity cannot be avoided by naming officers and employees of the United States as Defendants. *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949). In the absence of a consent to sue, an action which merely names officers and employees of the United States as defendants must be dismissed. *Id.; Stout v. United States,* 229 F.2d 918 (2nd Cir.), *cert. denied,* 351 U.S. 982, 76 S.Ct. 1047, 100 L.Ed. 1496 (1956).

■ In contrast to Plaintiffs' assertions, the record clearly indicates they have not alleged that any of the Defendants acted outside of their official capacities as employees of the IRS. Paragraphs 10, 14, and 17 of the Complaint expressly state that Defendants are being sued because of acts done "under the color of performing their duties as agents or employees of the United States of America [because they (1)] knowingly carried out a formal or informal policy of the Internal Revenue Service [and (2)] have performed the aforementioned acts under color of law to effectuate the policy of the Internal Revenue Service." Thus, although Plaintiffs have identified the individual IRS agents as Defendants, the action must be considered to be a claim against the United States. *Hutchinson v. U.S.,* 677 F.2d 1322 (1982); *Film Truck Service v. Nixon,* 216 F.Supp. 77 (E.D.Mich.1963).

■ A sovereign, such as the United States, can only be sued when it consents to suit by statute or where a statute explicitly waives immunity. The United States has waived its immunity under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b) and 2671–2680. Nevertheless, Plaintiffs cannot rely upon that statute because it specifically precludes claims which (1) are based upon the performance of a discretionary function by a Government officer or (2) arise with respect to the assessment and collection of any tax. 28 U.S.C. § 2680(a) and (c). On the basis of the record, the

individual Defendants were engaged in discretionary functions which were related to the assessment of taxes.

Therefore, this Court concludes that Plaintiffs' claims against the individual Defendants are barred by the doctrine of sovereign immunity. The United States has not consented to this suit. Consequently, Plaintiffs' claims must be denied.

### VI.

Defendants seek the imposition of sanctions for several reasons. First, the Third Amended Complaint fails to allege any specific facts to support Plaintiffs' claim of constitutional violations. Second, Plaintiffs are fully aware that the Sixth Circuit affirmed the decision by the Tax Court which determined that the denial of a tax exempt status by the IRS was not constitutionally flawed. Third, Plaintiffs, despite having received answers to interrogatories, have pursued four Defendants who have no connection with the State of Michigan.

Plaintiffs urge this Court to reject the sanctions request, contending that (1) specific facts have been sufficiently set forth in the Complaint to state a cause of action, (2) Plaintiffs are not required to plead and prove that Defendants are not immune from suit since qualified or good faith immunity is an affirmative defense, and (3) the declaratory judgment action before the Tax Court was based on a very limited record with no discovery available, whereas the present claims is premised on the alleged interference by Defendants with the administrative procedures that were used to make the flawed record upon which the Tax Court relied.

*Fed.R.Civ.P.* 11 reads as follows:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In this case, sanctions should not be imposed against Plaintiffs' counsel. The existence of some legal issues, which are open to interpretation, have been presented. It appears that counsel acted reasonably in this case.

IT IS SO ORDERED.

### JUDGMENT

On this date, the Court rendered an opinion which, *inter alia,* indicated that Plaintiffs had failed to assert a valid claim against Defendants.

Accordingly, a judgment of dismissal, with prejudice, shall be entered in favor of Defendants, and against Plaintiffs, in this cause.