In re Robert Allen SMITH, Debtor.

Robert Allen SMITH, Appellant,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellee.

BAP No. HI–95–2256–HJO.
Bankruptcy No. 94–01463.
Adv. No. 95–0042.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 25, 1996.

Decided Jan. 9, 1997.

Robert Allen Smith, Kaneohe, HI, Appellant in Pro. Per.

Thomas J. Sawyer, U.S. Department of Justice, Washington, DC, for Internal Revenue Service.

Before: HAGAN, JONES, and OLLASON, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge:

Robert Allen Smith, ("Appellant") appeals an order of the bankruptcy court denying his motion for a trial by jury in an adversary proceeding he instituted against the Internal Revenue Service of the United States ("IRS")[1]. We conclude the Appellant has no right to a trial by jury in this instance and **AFFIRM.**

### FACTS

In 1987, the Appellant, an attorney, restructured his business from a sole proprietorship with various employees to a law corporation functioning with independent contractors. The new corporation ("RAS-CORP") hired the former employees, now incorporated with the Appellant's tutelage, as independent contractors. In addition, the

---

1. It is a well settled principle that the IRS cannot be sued and the proper party in actions involving federal taxes is the United States of America. *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 831 (9th Cir. BAP 1995); *Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952).

Appellant no longer drew a salary from the law practice, but the corporation advanced him money characterized as loans. This incorporation purportedly relieved the Appellant of his employment tax obligation.

During an employment tax audit of RAS-CORP, the IRS determined that the independent contractors were employees, and characterized the loans to the Appellant as salary. As such, the IRS determined RAS-CORP should have been withholding taxes from the employees' wages, creating a "trust fund" for the government, as well as paying the employer's share of the taxes. The IRS determined that RASCORP was liable for both the employer and employees' portion of the taxes. The IRS then assessed the Appellant, not RASCORP, for monies not withheld as the responsible officer of RASCORP under 26 U.S.C. § 6672.

The Appellant filed a petition for reorganization under chapter 11, title 11, United States Code.[2] On January 27, 1995, the IRS filed a proof of claim for $118,314.80. On May 8, 1995, the Appellant filed an adversary proceeding to contest the amount or legality of the taxes owed and requesting a jury trial. The complaint alleges (i) the IRS improperly reclassified the independent contractors as employees; (ii) improperly reclassified loans to the Appellant; (iii) made those reclassifications in violation of the Congressional mandate of Internal Revenue Code 530 ("IRC") which provides a "safe haven" prohibiting these reclassifications under certain circumstances, at least one of which occurs here; (iv) failed to recompute these classifications at the lesser tax rates of IRC section 3509. The Appellant requested relief and asked the court to cancel any alleged tax indebtedness to the IRS for years in question; adjudicate and declare that the taxes are not owed; alternatively, adjudicate and declare that the taxes must be recomputed at the lower rate.[3] On June 14, 1995, the IRS, filed an answer.

The motion for jury trial was denied November 8, 1995, following hearing on October 20, 1995. In denying the motion for jury trial, the court determined that the tax matter was solely a claims objection procedure in the form of an adversary proceeding.

The Appellant filed this appeal on November 20, 1995, pursuant to Rule 8002(a),[4] and a motion for leave to appeal under Rules 8001(b) and 8003 was granted on April 4, 1996.

## ISSUE ON APPEAL

Is the Appellant entitled to a jury trial in the bankruptcy court?

## STANDARD OF REVIEW

■ The bankruptcy court's conclusions of law are reviewed *de novo* and its conclusions of fact are reviewed for clear error. *Western Wire Works, Inc., v. Lawler (In re Lawler)*, 141 B.R. 425, 428 (9th Cir. BAP 1992). The bankruptcy court's interpretation of the Code is reviewed *de novo*. *Beltran v. Calmat Co. of Arizona (In re Beltran)*, 177 B.R. 905 (9th Cir. BAP 1995); *See In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir.1986). Entitlement to a jury trial is a question of law that is reviewed *de novo*. *Schieber v. Hooper (In re Hooper)*, 112 B.R. 1009, 1010 (9th Cir. BAP 1989); *Standard Oil Co. v. Arizona*, 738 F.2d 1021, 1022–23 (9th Cir.1984), cert. denied, 469 U.S. 1132, 105 S.Ct. 815, 83 L.Ed.2d 807 (1985).

## DISCUSSION

We begin our discussion with a review of the statutory authority for a jury trial in a bankruptcy court.

Bankruptcy courts have a limited statutory right to conduct jury trials:

(i) the right exists in a proceeding that may be heard under 28 U.S.C. § 157, (ii) the district court has specially designated

---

2. Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bank.P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.")

3. The Debtor also asks for relief for RASCORP under the doctrine of offensive collateral estoppel. That issue is not part of this appeal.

4. This was twelve days after the entry of the order, allowable under Fed.R.Bank.P. 9006.

the bankruptcy court with jurisdiction to hear jury trials, and (iii) all parties consent.

28 U.S.C. § 157(e).[5]

■ The adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(B)[6] since it involves the resolution of a claim of the IRS against the chapter 11 estate. The inquiry focuses on whether the Appellant has a right to a jury trial for the purpose of the resolution of a tax claim of the IRS.

The definitive case regarding jury trials in the bankruptcy court is *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In *Granfinanciera,* the Supreme Court established a three-step analysis for determining whether the Seventh Amendment imposes a jury trial requirement in a bankruptcy action.

First, we compare the statutory action to 18th-century actions in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. (*Id.* at 42, 109 S.Ct. at 2790 quoting *Tull v. United States,* 481 U.S. 412, 417–418 [107 S.Ct. 1831, 1835, 95 L.Ed.2d 365] (1987) (citations omitted)). If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder. *Id.* at 42, 109 S.Ct. at 2790.

■ Under the *Granfinanciera* analysis, the Appellant would not have been allowed to sue the sovereign in the courts of 18th century common law England. In addition, despite Appellant's argument that this is a suit for a money debt, this matter is one of equity, not law.

In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power.

*Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990). The genesis of bankruptcy relief was in proceedings brought in English courts of equity. *Schieber,* at 1010, *See* 1 Norton Bankruptcy Law and Practice § 16.02. The test as outlined in *Granfinanciera* does not provide the bankruptcy court the authority to grant Appellant a jury trial.

■ In *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n,* 430 U.S. 442, 458, 97 S.Ct. 1261, 1270–71, 51 L.Ed.2d 464 (1977), the Supreme Court held that Congress has the right to deny trials by jury in actions at law where public rights[7] are litigated. Since this matter is one concerning tax liability and the United States is a party to this suit, the matter involves a public right. Therefore, even if this were a case at law, a position not supported by any authority, the Appellant would still not meet the test as defined by *Granfinanciera.* The Appellant has no right to a jury trial under the Seventh Amendment to the United States Constitution.

In further support of his right to a trial by jury, the Appellant argues it is afforded him by 28 U.S.C. § 1346. This statute provides:

**5.** 28 U.S.C. § 157 provides that bankruptcy judges may hear and determine all cases under title 11, United States Code, and all core proceedings arising under title 11, or arising in a case under title 11, and may enter appropriate orders and judgments subject to review by a District Court under section 158 of title 11. The section further defines core proceedings.

**6.** 28 U.S.C. § 157(b)(2)(B) provides:

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under

chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11.
22 U.S.C. § 157(b)(2)(B).

**7.** A public right has been defined by the Supreme Court in *Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), as cases that "arise between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments." *Id.* at 50, 52 S.Ct. at 292.

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected ...

When read in concert with title 28, section 2402 this statute provides the taxpayer a right to sue the United States and obtain a jury trial.

Any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury.

28 U.S.C. § 2402. The Appellant has requested a jury trial in this case, preserving his right under section 2402. However, the statutes must be interpreted in accordance with the relevant case law. In *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), the Supreme Court held that under 28 U.S.C. § 1346(a)(1), the amount of the tax owed must be paid before the sovereign immunity of the United States is waived under the statute. In *Flora*, the court analyzed the legislative history of section 1346(a)(1) and determined that the intent of Congress was to require the taxpayer to pay the full amount of the tax:

The foregoing study of the legislative history of 28 U.S.C. § 1346(a)(1), 28 U.S.C.A. § 1346(a)(1) and related statutes leaves no room for contention that their broad terms were intended to alter in any way the *Cheatham [v. United States*, 92 U.S. 85, 23 L.Ed. 561 (1975)] principle of 'pay first and litigate later.' For many years that principle has been reinforced by the rule that no suit can be maintained for the purpose of restraining the assessment or collection of any tax.

*Id.* at 75, 78 S.Ct. at 1086.

This principle was further developed by the 7th Circuit in *Schon v. United States*, 759 F.2d 614 (7th Cir.1985):

We think Congress intended section 1346(a)(1) as a means for taxpayers who had payed [sic] too much to recoup the erroneously or illegally assessed or collected amount. But this is a narrow waiver of sovereign immunity, and accordingly we construe it strictly. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Busse v. United States*, 542 F.2d 421, 425 (7th Cir.1976).

*Id.* at 617.

■ Nothing in the facts of this case suggest that, under this statute, the Appellant is entitled to a jury trial. It is uncontroverted that the Appellant did not pay the taxes owed. The Appellant argues that the term "assessed" in 28 U.S.C. section 1346(a)(1) does not require him to pay the tax, merely have the tax assessed against him in order to invoke the provisions of the statute. A statute's plain meaning should be conclusive unless it creates an inconsistent or incoherent statutory scheme "at odds with the intentions of its drafters." *Miller v. Internal Revenue Service (In re Miller )*, 174 B.R. 791, 795 (9th Cir. BAP 1994) (citing *United States v. Ron Pair Enterprises., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982))). The argument for jury trial under this section 1346(a)(1) is contrary to case law. As such, the provisions of section 2402 do not apply.

■ Finally, the Appellant argues a right to jury trial under 11 U.S.C. 505(a)(1). Section 505(a)(1) allows for determination by the bankruptcy court of the amount and legality of any tax, or any fine or penalty relating to the tax. The Appellant argues he has a right to jury trial based on *United States v. Pfitsch*, 256 U.S. 547, 41 S.Ct. 569, 65 L.Ed. 1084 (1921) (analysis of legislative history of the Lever Act, a wartime appropriations act, which supported exclusive jurisdiction in the district courts with the right to a jury trial). This argument is without merit. The correct analysis to determine if a jury trial in bankruptcy court is appropriate is under *Granfinanciera*.

The order of the bankruptcy court is AF-FIRMED.