In re Steven G. DUNMORE, Debtor.

Steven G. Dunmore, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 95–12407.
Adversary No. 98–1236.

United States Bankruptcy Court,
N.D. California.

Oct. 20, 2000.

## Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

### I. Background

This adversary proceeding was originally commenced in district court. The amended complaint contains six claims. The first three claims allege that plaintiff Steven Dunmore is entitled to tax refunds of about $190,000.00 for tax years 1988 and 1989. The fourth claim alleged that the IRS violated the bankruptcy discharge injunction by demanding payment for about $20,000.00 in income taxes for 1989, which Dunmore claimed had been discharged. The fifth claim alleged that the IRS had improperly recorded tax liens and sought to quiet title to his property as well as recover special and punitive damages. The sixth claim sought injunctive relief against the IRS. The complaint contained a jury demand.

On October 9, 1998, pursuant to stipulation of the parties, the district court transferred the action to this court. Thereafter, the bankruptcy trustee abandoned any interest in the tax refunds.

On July 19, 2000, this court issued an order setting the case for trial on October 18, 2000. The court issued a written order directing the manner in which the parties were directed to prepare for trial. The order gave notice that failure to comply might subject a party to default, dismissal, or other sanctions.

On July 10, 2000, Dunmore filed a motion for summary judgment; argument was heard on August 11, 2000. In that motion, Dunmore unambiguously argued that "The Bankruptcy Court Has Jurisdiction Over All The Issues Presented." In the motion, he also sought a determination as to the dischargeability of his 1987, 1989, 1991, 1992 and 1993 income tax liability. The court elected not to rule on the motion until the trial date.

Dunmore appeared for trial on October 18. However, he failed to comply with the July 19 order in any respect. He did not

have any witnesses, and was not ready to proceed. Instead, he argued for the first time that this court did not have any jurisdiction over the case and that it must be returned to the district court for jury trial. When the court pointed out that it certainly had jurisdiction over the fourth claim (violation of the Bankruptcy discharge), Dunmore moved for dismissal of that claim with prejudice. The court granted that motion.

## II. Issues

The primary issue before the court is whether it had jurisdiction over the remaining claims. To the extent that the claims were properly before this court, Dunmore's willful failure to prepare for trial and failure to prosecute his case requires dismissal, as the IRS has moved. However, to the extent this court lacks jurisdiction it must send the matter back to the district court.

The second issue is whether Dunmore was entitled to a jury trial on any of his claims. To the extent he had such a right, 28 U.S.C. § 157(e) requires that the trial be held in the district court.

## III. Discussion

### A. Jurisdiction

■■■■■ There is no doubt that when this case was transferred this court had full jurisdiction to decide all of the issues. Section 505(a)(1) of the Bankruptcy Code gives the bankruptcy court authority to determine the amount or legality of any tax. Bankruptcy court have the power, pursuant to § 105(a) of the Code, to enforce the discharge injunction. See *In re Latanowich*, 207 B.R. 326, 333 (Bankr. D.Mass.1997). Determination of the dischargeability of any debt, including tax debt, is a *core matter pursuant to 28 U.S.C. § 157(b)(2)(I)*.

■■■■■ The trustee's subsequent abandonment of the tax refund claims did not divest the court of jurisdiction. Jurisdiction is determined as of the date of the complaint. *In re Fietz*, 852 F.2d 455, 457 n. 2 (9th Cir.1988). While subsequent abandonment may be a factor in favor of abstention, it does not automatically divest the court of jurisdiction. *In re Painter*, 84 B.R. 59, 62 (Bkrtcy.W.D.Va.1988).

Dunmore quotes 5 Collier on Bankruptcy (15th Ed. Rev.), ¶ 554.02[4](cited as ¶ 554.024[3] ) as standing for the proposition that "Usually abandonment of property will end the court's jurisdiction to determine disputes concerning the property". However, he left off the rest of the sentence: "unless the result of the dispute could have some effect on the bankruptcy case." *In Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir.1987), the court *vacated* lower court rulings that there was no bankruptcy jurisdiction after abandonment and remanded the case for a determination as to whether the dispute could still have an impact on the bankruptcy case notwithstanding abandonment.

In this case, issues of dischargeability of debt and violation of discharge rights were intimately bound up in whether Dunmore was entitled to tax refunds. Section 505(a)(1) provides that the bankruptcy court may determine the amount or legality of *any* tax; there is no restriction on which taxes, or who can raise a tax issue under the section. The dispute could therefore still have some effect on the bankruptcy case even after abandonment. Jurisdiction accordingly did not evaporate when the trustee abandoned any interest in the refunds.

### B. Right to Jury Trial

■■■■■ Despite the right to a jury trial outside of bankruptcy court, parties who voluntarily invoke the jurisdiction of the bankruptcy court are usually deemed to waive the right. A creditor waives the right by filing a proof of claim. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The debtor is deemed to have waived the right by filing a bankruptcy petition.

*Matter of Hallahan*, 936 F.2d 1496, 1505 (7th Cir.1991). By filing his bankruptcy petition and submitting himself to the equitable jurisdiction of the bankruptcy court, Dunmore waived his right to a jury trial.

 Even if the filing of the bankruptcy petition did not waive Dunmore's right to a jury, he is in error in basing his right to a jury on a 28 U.S.C. § 1346(a)(1). The test for the right to a jury in bankruptcy proceedings is not whether there is a statutory right, but rather there was a right to a jury trial under English common law. *In re Smith*, 205 B.R. 226, 229 (9th Cir. BAP 1997). The court in Smith held that a suit concerning tax liability is equitable in nature and involves a public right, so there is no right to a jury.

Even if Dunmore were deemed to have a right to a jury regarding his tax refunds, he asserts no basis at all for a jury trial regarding his fifth claim (quiet title) and sixth claim (injunctive relief). These claims are equitable in nature and would not be tried by a jury in any court.

Insofar as the fifth claim also seeks damages, there is likewise no right to a jury. The statutory right to a jury trial regarding tax refunds is a narrow exception to the general rule that there is no right to a jury in an action against the United States. *Lehman v. Nakshian*, 453 U.S. 156, 161 n. 8, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981).

IV. Conclusion

This court had jurisdiction to hear this entire matter, as Dunmore himself has argued. There was never any right to a jury as to the fourth, fifth and sixth claims. The statutory right to a jury trial on the first three claims is not applicable to proceedings in bankruptcy. Since the right is statutory, and not Constitutional, Dunmore's rights are not prejudiced. Accord-

ingly, the case was properly before this court for trial without a jury.

Without cause or excuse, Dunmore chose not to have his day in court.[1] By waiting until the eve of trial to decide that the matter could not be heard here, and utterly failing to comply with the court's pretrial order, he waived his chance to present his case. He is not entitled to another day before another court.

For the foregoing reasons, the motion of the government to dismiss this adversary proceeding will be granted. A separate order will be entered.

---

1. The matter was specially set at a time when no other matters were calendared. The court had at least one full day set aside exclusively

for the trial of this case, and made it clear to the parties that more time would be made available if necessary.