### MAXWELL et al. v. CAMPBELL, Collector of Internal Revenue et al.

### No. 14244.

United States Court of Appeals
Fifth Circuit.

June 26, 1953.

R. B. Cannon, Ft. Worth, Tex. (Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., of counsel), for appellants.

Walter Akerman, Jr., Special Asst. to the Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Frank B. Potter, U. S. Atty. and R. Daniel Settle, Asst. U. S. Atty., Ft. Worth, Tex., Charles S. Lyon, Asst. Atty. Gen., Harry Marselli, Special Asst. to the Atty. Gen., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL, and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the section 272(a) (1) [1]

1. "Sec. 272 [As amended by Sec. 203(a), Act of Dec. 29, 1945, c. 652, 59 Stat. 669] Procedure in general.

"(a) (1) Petition to The Tax Court of the United States. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sat-

exception to section 3653 I.R.C.[2] against the Collector of Internal Revenue and his deputy, the suit was for an injunction, restraining them from making a levy, seizure, or distraint under the authority of purported but illegal deficiency[3] assessments of income taxes for the fiscal year ended August 31, 1944, and requiring their expunging.

The claim was that, contrary to the express provisions of the section, the commissioner had made the assessments and was proceeding to collect them without first having given the taxpayers the required 90 day notice.

The defendants admitted in their answer the allegation in sub-paragraph (d) of paragraph 111 of the complaint that the commissioner on his October 17, 1949, Special No. 8 list made an assessment of income taxes against plaintiffs in the amount of $5521.21 each, that notice and demand for same were duly made, and that the defendants are now demanding that plaintiffs pay the assessments so made.

They denied, however, that the assessment so made was a deficiency assessment within the meaning of sections 271 and 272 invoked by plaintiffs and, invoking on their own account section 3653 prohibiting restraint of assessment or collection of taxes, they insisted that the Court was without jurisdiction to entertain the suit.

On the issues thus joined, the cause proceeded to trial, and was quickly and briefly tried. Plaintiffs offered (1) their individual tax returns, (2) the admissions (a) that each had paid approximately $1700 on account of their tax liability for 1944, and (b) that no letter was mailed advising them that the commissioner was proposing to make the assessments complained of.

In addition, they pointed out that the principal amount of each assessment was in excess of the amount shown by the return. Then stating "the correct amount of liability and the proper amount of payments, etc. have been debated between the parties to

---

urday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. *No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.* Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court." 26 U.S.C.A. § 272. (Emphasis supplied.)

See U. S. v. Yellow Cab Co., 90 F(2) 699; Ventura Consolidated Oil Field v. Rogan, Collector, 86 F(2) 149; Peerless Woolen Mills v. Rose, 28 F(2) 661.

2. 26 U.S.C.A. 3653 Prohibition of suits to restrain assessment or collection of taxes with certain named exceptions.

3. "Sec. 271 [As amended by Sec. 14(a), Individual Income Tax Act of 1944, c. 210, 58 Stat. 231].

"Definition of deficiency

"(a) In General. As used in this chapter in respect of a tax imposed by this chapter, 'deficiency' means the amount by which the tax imposed by this chapter exceeds the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in subsection (b) (2), made.

"(b) Rules for application of subsection (a).

For the purposes of this section—

"(1) The tax imposed by this chapter and the tax shown on the return shall both be determined without regard to payments on account of estimated tax, without regard to the credit under section 35, and without regard to so much of the credit under section 32 as exceeds 2 per centum of the interest on obligations described in section 143(a)". 26 U.S.C.A. § 271.

these assessments which we say were illegally made", plaintiffs rested.

Defendants then offered evidence to the effect that adjustments had been made and credits and debits entered in respect to amounts paid and claimed to have been paid by plaintiffs; and that this was the upshot of the controversy; that on request of one of the plaintiffs certain erroneously claimed over payments had been credited to his 1944 estimated tax for the fiscal year ended in August, 1945; that later all erroneous credits were revised and assessment of income tax for the fiscal year ended August, 1944, were made against each taxpayer for which notice and demand was made; but that no prior statutory notice of deficiency was given the taxpayers with respect to these assessments.

The district judge, on this record, without making findings of fact or law, entered a judgment dismissing the action and providing for the appropriation to the payment of the assessments of the sum of $16,000, which, under the terms of a stipulation, referred to in the judgment but not found in the record, had been tendered into Court by plaintiffs.

Appealing from that judgment, plaintiffs are here insisting: that the assessments which the judgment ordered paid were deficiency assessments made in violation of the express prohibitions of section 272(a); that they were not merely irregular but illegal; and that their enforcement, instead of having been ordered, should have been enjoined.

Appellees, on their part, insist: that the assessments were not deficiency assessments; that if they were, taxpayers should be denied relief because their plight was brought about by their misrepresentation; and that since, but for these, the complained of assessments would not have been made, to grant the relief would be permitting them to take advantage of their own wrong.

So insisting, they urge upon us that the judgment must be affirmed. We do not think so.

We agree with the appellants: that, upon the undisputed facts, the assessments were deficiency assessments; that in making them the commissioner violated the provisions of applicable Internal Revenue Laws; and that, under the express provisions of section 272(a) (1), appellants were entitled to the injunction they sought.

There is nothing inequitable in the relief asked by the plaintiffs. It is the very relief accorded them by and under the precise terms of the statutes making a violation of its terms an express exception to the general prohibition of section 3653(a). An essential part of the whole statutory scheme of furnishing the taxpayer with an option either to pay and sue to recover back or to apply for relief to the Tax Court, section 272(a) (1), was not enacted as a mere idle gesture. The commissioner is as bound as the taxpayer is by its terms. This is made plain not only in the language of the statute but in the language of the cases construing and applying it, cited in note 1, supra, including particularly Peerless Woolen Mills from this Court.

The judgment appealed from is Reversed and the cause is Remanded with directions to grant the injunction prayed for.