**Owens L. DENTON, Appellant,**

v.

**The UNITED STATES of America and Bruce E. Lambert, as District Director of Internal Revenue at Newark, N. J.**

**No. 11771.**

United States Court of Appeals
Third Circuit.

Argued March 8, 1956.

Decided June 29, 1956.

---

John D. Graves, New York City (Joyce & Brown, Bloomfield, N. J., on the brief), for appellant.

Walter R. Gelles, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Department of Justice, Washing-

ton, D. C., Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., George J. Rossi, Asst. U. S. Atty., Jersey City, N. J., on the brief), for appellees.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Taxpayer, Owens L. Denton, has appealed from an order of the United States District Court for the District of New Jersey which dismissed with prejudice his complaint against the United States and the District Director of Internal Revenue.[1]

The facts, taken from the district court's opinion, are brief and simple. On January 15, 1947, the taxpayer filed an income tax return for the year 1946 which called for a refund of $1551.52. Two months later, on March 15, an amended return was filed in which the amount due as a refund **was** increased to $2008 because of certain adjustments. Subsequently, taxpayer received two checks from the government; the first was for $1551.52 and the second for $2008. In sending the second check, the government erroneously disregarded the payment of the first check. The net effect was that taxpayer received $1551.-52 more that he should have received. This fact is not disputed.

On December 8, 1950, the Commissioner of Internal Revenue issued an assessment for the $1551.52, plus interest, against taxpayer. The complaint in the district court, which was dismissed

with prejudice, sought to enjoin the collection of the assessment and to vacate it. We think the district court properly dismissed the complaint.

Section 3653(a) of the Internal Revenue Code of 1939 reads:

"Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 3653(a).

This section makes it quite clear that the taxpayer is not entitled to the relief sought unless his situation falls within one of the mentioned exceptions. Taxpayer has argued that he comes under the section 272(a) exception. That section provides that injunctive relief may be given if the Commissioner of Internal Revenue assesses or attempts to collect a *deficiency* without having first complied with certain specified procedures.[2]

It is not disputed that the specified procedures were not followed here, but there was no need to do so because the procedure outlined in Section 272(a) must be followed only in the case of an assessment of a *deficiency*. Here the Commissioner was not imposing an assessment in respect of a deficiency.

The term deficiency is explicitly defined in Section 271(a) of the Code and exists where the proper amount of tax imposed exceeds the amount shown as due by the taxpayer on his return plus

---

1. The opinion of the district court is reported in D.C.N.J.1955, 132 F.Supp. 741.

2. "§ 272. Procedure in general
    "(a) (1) *Petition to The Tax Court of the United States.*—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No as-

sessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. * * *" 26 U.S.C.1952 ed. § 272.

any amounts previously assessed (or collected without assessment) as a deficiency minus the amount of any rebates.[3]

In this case, the taxpayer and the government agree that a certain amount of tax was due for the year 1946.[4] They disagree only as to whether the tax due for 1946 has been paid.[5] The assessment of an amount of tax which the government says has not been paid and which the taxpayer says has been paid is not the assessment of a *deficiency* as defined in Section 271, and so the taxpayer cannot take advantage of the Section 272(a) exception mentioned in Section 3653(a).

In addition to the question of whether he paid his 1946 taxes, the taxpayer has raised other questions involving the statute of limitations, the government's authority to assess in this situation, and the propriety of an assessment rather than an assumpsit action. These and other arguments may or may not be valid to defeat the government's claim, but they do not concern us here. A taxpayer may have many contentions as to why an assessment of tax is not proper. This does not entitle him to injunctive relief. Graham v. duPont, 1923, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Bailey v. George, 1922, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Dodge v. Osborn, 1916, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Shelton v. Platt, 1891, 139 U.S. 591, 11 S.Ct. 646, 35 L.Ed. 273;

Cadwalader v. Sturgess, 3 Cir., 1924, 297 F. 73. He must pay the assessed amount either voluntarily or involuntarily and then pursue legal remedies for a refund. The reasons for such procedures in tax matters have been well stated previously and repetition is not necessary. See Bull v. United States, 1935, 295 U.S. 247, 259–260, 55 S.Ct. 695, 79 L.Ed. 1421.

For the foregoing reasons the order of the district court will be affirmed.

---

3. "§ 271. Definition of deficiency

"(a) *In general*. As used in this chapter in respect of a tax imposed by this chapter, 'deficiency' means the amount by which the tax imposed by this chapter exceeds the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in subsection (b) (2), made." 26 U.S.C. 1952 ed. § 271(a).

4. The taxpayer and the Commissioner agreed on some adjustments in the taxpayer's 1946 return. Those are not involved here, and do not change the fact that the $1551.52 is an amount shown by the taxpayer's 1946 amended return to be due and which the government claims is still owing.

5. The taxpayer contends that he paid his taxes for 1946 in full and that the erroneous refund is nothing more than an amount had and received which the government can collect in an assumpsit action the same as any other person might do who mistakenly gives money to someone. The government, on the other hand, claims that because of the refund the taxpayer's 1946 taxes have not been paid.