R. L. PHINNEY, S. C. Condon, James M. Honea, Jr., Travis G. Howard, and Robert R. Olson, Appellants,

v.

Walter M. BRISCOE, Appellee.

No. 18851.

United States Court of Appeals Fifth Circuit.

Jan. 11, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Arthur I. Gould, Attys., Dept. of Justice, Washington, D. C., William B. Butler, U. S. Atty., John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., Robert N. Anderson, Atty., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., Houston, Tex., for appellants.

Walter M. Briscoe, Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a summary judgment enjoining an assessment made by the district director without the required ninety day notice. Maxwell v. Campbell, 5 Cir., 205 F.2d 461; Jamison v. Repetti, 9 Cir., 239 F.2d 901.

The director contended below and contends here that Sec. 6201(a) (3) I.R.C. 1954, 26 U.S.C.A. § 6201(a) (3),[1] made such a notice unnecessary.

1. "If on any return or claim for refund of income taxes under subtitle A there is an overstatement of the credit for income tax withheld at the source, or of the amount paid as estimated income tax, the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or

The district judge, on the basis of the undisputed facts,[2] and on the authority of Treasury Regulation Section 1.6015 (b)—1.[3] "Joint Declaration by husband and wife," particularly this statement in it, "In case a joint declaration is made but a joint return is not made for the same taxable year. * * *," rejected the director's claim on the ground that, under the undisputed facts and the regulation, there was no overstatement and the statute invoked by the director as an exception to the general rule did not apply.

The director is here insisting that the cited cases have been made inap-

plicable by the invoked statute; that the statute does not apply under the facts; and that the judgment granting the injunction may not stand.

We cannot agree. Indeed, we find it difficult to understand how in the face of the Treasury regulation which expressly provides for the precise situation here presented, *where the husband and wife have agreed upon the disposition* of the sum in question and a judgment has been entered accordingly, the director could make the claim he here makes.

The judgment was right. It is Affirmed.

---

refund may be assessed by the Secretary or his delegate in the same manner as in the case of a mathematical error appearing upon the return."

2. These are: Taxpayer and his then wife, Lucille, filed a joint declaration of estimated tax for the tax year 1956 and during that year $1500 of the estimated tax was paid to the director on that declaration.

In Dec., 1956, the taxpayer and Lucille were divorced and as a part of their property settlement agreement the decree awarded the whole of the payment to the husband.

Immediately thereafter, in Dec., 1956, the taxpayer married Vivian, and filed with her a joint income tax return for the year 1956. They showed a tax liability on their tax return for 1956 in the amount of $126. On the same return, they claimed $1500 as prepayment credit, of the total estimated tax paid in connection with the joint declaration of taxpayer and Lucille. Thus the taxpayer and Vivian requested a refund of the balance of $1374, and it was in fact refunded to them by the Service.

On her individual tax return for 1956, the taxpayer's former wife, Lucille, claimed a credit of $750 against her tax liability for that year, reporting one-half of the estimated $1500 tax paid in connection with the joint declaration made that year on behalf of the taxpayer and herself, and Lucille was allowed the claimed credit of $750 on her 1956 tax return.

Subsequently the taxpayer, Briscoe, was advised by the director that he was entitled to only $750 of the $1500 estimated tax payment. The taxpayer protested, claiming that the entire $1500 prepayment was awarded to him by agreement with his former wife and by the decree giving effect to the agreed property settlement between him and her. This protest was denied by the district director and an assessment of $750 was made against the taxpayer.

3. Sec. 1.6015(b)—1. Joint declaration by husband and wife—(b) Application to separate returns.—The fact that a joint declaration of estimated tax is made by them will not preclude a husband and his wife from filing separate returns. In case a joint declaration is made but a joint return is not made for the same taxable year, *the payments made on account of the estimated tax for such year may be treated * * * or may be divided between them in such manner as they may agree.* In the event the husband and wife fail to agree to a division, such payments shall be allocated between them in accordance with the following rule. The portion of such payments to be allocated to a spouse shall be that portion of the aggregate of all such payments as the amount of tax shown on the separate return of the taxpayer bears to the sum of the taxes shown on the separate returns of the taxpayer and his spouse. (Emphasis supplied.)