**Hershel J. and Portia PHILLIPS, Plaintiffs-Appellants,**

v.

**Ambrose M. STOEPLER, District Director of Internal Revenue, Detroit, Michigan, Defendant-Appellee.**

**No. 19484.**

United States Court of Appeals
Sixth Circuit.

Jan. 29, 1970.

Stanley R. Kirk, Detroit, Mich., for plaintiffs-appellants; Patmon, Young & Kirk, Frederick Patmon, Detroit, Mich., on the brief.

Issie L. Jenkins, Dept. of Justice, Washington, D. C. (Robert J. Grace, U. S. Atty., Detroit, Mich., of counsel) for

defendant-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before EDWARDS, PECK and COMBS, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The plaintiffs-appellants (hereinafter "taxpayers") are husband and wife who filed joint income tax returns for the years 1962 through 1964. The taxpayers' income tax return for 1962 showed an overpayment from withholding tax and prepayment of estimated tax in the amount of $2,976.39, but it is undisputed that there was no entry on the 1962 return indicating whether the overpayment was to be refunded to the taxpayers or credited to their 1963 estimated tax. However, on their 1963 return the taxpayers claimed the 1962 overpayment as a credit to their 1963 tax. Treating this $2,976.39 as a credit against 1963 taxes, the taxpayers' 1963 return also showed an overpayment. On their 1963 return the taxpayers indicated that they wished to have the overpayment credited against their 1964 estimated tax.

In 1966 the appellee District Director of Internal Revenue (hereinafter "District Director") issued the taxpayers a notice of deficiency pursuant to Section 6212 of the Internal Revenue Code of 1954, (Title 26 United States Code, hereinafter "the Code") specifying deficiencies for the years 1962 through 1964. The record indicates that the taxpayers have petitioned the Tax Court for review of the District Director's determination of these deficiencies, and the correctness of these deficiency determinations are not in issue here.

What is in issue here is the validity of the District Director's separate assessment of October 7, 1966, pursuant to Section 6201(a) (3) of the Code, in the amount of $2,976.39 plus interest. Briefly, the District Director's basis for this separate assessment was that since the taxpayers had failed to indicate on their 1962 tax return whether they wished to have the 1962 overpayment of $2,976.39 refunded to them or credited to their 1963 estimated tax, they were prohibited from claiming the amount as a credit to their 1963 taxes on their 1963 tax return, thereby making an additional $2,976.39 in taxes, plus interest, immediately due and owing to satisfy the taxpayers' tax liability for 1963.

The resolution of this issue requires an examination of a number of sections of the Code. We note first the general prohibition of Section 7421 of the Code against suits to restrain the assessment or collection of any tax. The only exceptions to this general prohibition relevant to this case are found in Sections 6212(a) and (c) and 6213(a) of the Code, which provide that assessment of a deficiency may be enjoined until a statutory notice of deficiency (often referred to as a "90 day letter" because after its receipt a taxpayer has 90 days within which to petition the Tax Court for review of the deficiency determination) has been sent to the taxpayer and the time for filing a petition for review with the Tax Court has expired. On the other hand, Section 6201(a) (3) of the Code authorizes the assessment of the amount of an overstated prepayment credit to income tax in the same manner that the amount of tax due as the result of a mathematical error on the face of the return may be assessed, and Section 6213(b) provides, in essence, that assessments due to such mathematical errors may be made without giving the taxpayer a notice of deficiency or an opportunity for review of the assessment by the Tax Court. Finally, Section 6402(b) of the Code authorizes the Secretary or his delegate to issue regulations providing for the crediting against estimated income tax for any taxable year of an amount determined to be an overpayment of tax for the preceding taxable year. The regulations issued pursuant to the specific statutory autho-

rization of Section 6402(b), provide, in part, that:

"(b) * * * An election to treat the return as a claim for refund or credit shall be evidenced by a statement on the return setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return is filed. * * *" Treasury Regulations Section 301.6402–3(b).

In the absence of an election by the taxpayer with respect to an overpayment pursuant to the above regulations, the District Director is authorized by the general rule of Section 6402(a) of the Code to apply the overpayment to any tax liability of the taxpayer and refund any balance to the taxpayer.

Applying all of the above Code and Treasury Regulations sections to the facts of this case, the District Court, after finding that taxpayers failed to make an election pursuant to Treasury Regulations Section 301.6402–3(b) as to the disposition of their 1962 overpayment, concluded that this failure precluded them from claiming that amount as a credit to their 1963 estimated tax.

 While it seems harsh to require taxpayers to pay an additional $2,976.39, plus interest, pending review by the Tax Court of the District Director's deficiency determinations merely because of an apparently inadvertent failure to mark the appropriate box on their 1962 tax return indicating the desired disposition of the 1962 overpayment, we are forced to conclude as did the District Court that such a result is dictated by the above-outlined statutory scheme. Under that statutory scheme a failure to elect to claim an overpayment as a credit against estimated taxes for the succeeding year precludes claiming such previous year's overpayment as a credit against tax in such succeeding taxable year. Acceptance of this key conclusion leaves little for determination. Not only did the District Director have the authority to make an assessment of the amount of the erroneously claimed credit against 1963 tax, the erroneous nature of the claimed credit permitted the District Director to make summary assessment of the amount pursuant to Section 6201(a) (3) of the Code. There is no requirement in either the words or the purpose of the relevant Code sections that the District Director issue the taxpayers a notice of deficiency or give them an opportunity to litigate the validity of the assessment in the Tax Court. The only relevant case cited to us by taxpayers, Phinney v. Briscoe, 297 F.2d 591 (5th Cir. 1962), is clearly distinguishable. In that case an assessment pursuant to Section 6201(a) (3) of the Code was enjoined because the District Court found the claimed credit against taxes to be valid and proper. The determination here that the claimed credit against taxes was invalid leaves nothing for the Tax Court to pass upon.

In conclusion, we note, as did the District Court, that the result reached here does not require the taxpayers to forfeit the 1962 overpayment or deprive them of any ultimate right of relief. The Tax Court's disposition of the pending petitions for review of the deficiencies asserted for 1962 through 1964 will be determinative of the ultimate tax cost to the taxpayers. If, for example, the Tax Court should determine that all of the asserted deficiencies were improper, the taxpayers could presumably obtain a refund of the original overpayment and the assessment in issue here, plus interest.

We therefore hold that the District Court correctly granted the District Director's motion for summary judgment denying the taxpayers' prayer for an injunction against the assessment.

The judgment of the District Court is affirmed.