GABRIEL SCHLOSSER AND MARY ELLEN SCHLOSSER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29514-89.        Filed June 11, 1990.

Gabriel Schlosser, pro se.
*Steve R. Johnson* and *Julius Gonzalez,* for the respondent.

### OPINION

NIMS, *Chief Judge:* This case is before the Court on petitioners' motion to restrain the collection of taxes and respondent's motion to dismiss for lack of jurisdiction as to petitioner Gabriel Schlosser.

By statutory notice dated October 11, 1989 (deficiency notice), respondent determined deficiencies in and additions to petitioners' Federal income taxes for the years 1983, 1984, and 1985 as follows:

| Year | Deficiency | Additions to tax | | |
|------|-----------|------------------|-----------------|-----------|
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 |
| 1983 | $36,117 | $18,058 | [1] | $9,029 |
| 1984 | 8,130 | 4,065 | [1] | 2,033 |
| 1985 | 22,072 | 11,036 | [1] | 5,518 |

[1] 50 percent of the interest due on the deficiency.

(Unless otherwise indicated, section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.)

At the time petitioners filed their petition with this Court, on December 14, 1989, husband Gabriel Schlosser was incarcerated in a Florida correctional institution and wife Mary Ellen Schlosser resided in Sarasota, Florida. References hereinafter to petitioner in the singular are to Gabriel Schlosser.

## Background

### Motion to Restrain Collection

Included with petitioners' filed petition was a motion to stop collection action, which states that an Internal Revenue Service (Service) employee named K.T. McNally (McNally) had been using threatening letters and telephone calls to demand payment of the "tax assessment" or "tax deficiency" relating to 1983, 1984, and 1985. According to this motion (hereinafter referred to as a motion to restrain collection), McNally's collection activities also included in-person demands for money from petitioner's wife and contacts with her parents. The legal ground for petitioners' motion was described as follows:

The petitioner states this court has jurisdiction under 26 U.S.C. 6212 and 6213(a). Petitioners received notice of deficiency on Oct. 11, 1989 and have 90 days to petition the Tax Court of the United States for a redetermination. No collection action may be maintained against the taxpayer until the notice has been mailed and the ninety-day period has run, and, if a petition has been filed with the Tax Court, until the judgment of that court has become final.

On January 3, 1990, this Court notified respondent of petitioners' motion and directed respondent to file any notice of objection on or before January 23, 1990. The body of respondent's timely filed notice of objection reads in its

entirety: "Respondent hereby objects to petitioner's Motion to Stop Collection Action filed on December 14, 1989 as the Tax Court is not the proper forum for the filing of said motion." By order of this Court dated January 26, 1990, respondent was directed to file a supplemental notice of objection, on or before February 12, 1990, setting forth the specific basis for his objection to petitioners' motion.

Respondent's supplemental notice of objection, filed on February 12, 1990, has several attached exhibits. It neither confirms nor denies the specific collection actions mentioned in petitioners' motion, but states that the collection efforts referred to by petitioners concerned tax liabilities, for 1982, 1983, and 1984, not covered by the deficiency notice applicable to the instant case.

According to this supplemental notice of objection, because petitioners' 1982 taxable year is not part of the deficiency notice, this Court lacks jurisdiction to enjoin collection activities relating to that year. With regard to petitioners' 1983 and 1984 taxable years, which unlike 1982 are included in the deficiency notice, respondent refers to sections 6201(a)(3) and 6213(b)(1) in summarizing:

The petitioners' motion also should be denied as to the previous collection actions directed at the 1983 and 1984 liabilities. Although 1983 and 1984 are years before the Court in this case, the Service is not and was not attempting to collect any deficiencies or additions to tax determined in the * * * [deficiency notice]. Instead, *the 1983 and 1984 liabilities subject to collection arose from proper assessments which were not subject to the deficiency procedures.* Those liabilities arose from fraudulent withholding claims which are assessable like mathematical or clerical errors and do not require the issuance of a notice of deficiency. [Emphasis in original.]

More specifically, respondent's position is that petitioners for 1983 claimed an overstated amount for withheld income taxes (against a reported taxable income of zero), a portion of which was refunded to petitioners and the remainder of which was credited to petitioners' 1984 estimated tax payments. For 1984, respondent alleges that petitioners (again with reported taxable income of zero) were erroneously refunded overstated withheld income taxes and the estimated tax amount applied from 1983.

Respondent's supplemental notice of objection also contains a paragraph and exhibits purporting to explain petitioner's current incarcerated status:

[Petitioner] was subsequently indicted on 14 counts of tax and other crimes. He pleaded guilty to three of these counts, including Count 1 (fraudulent withholding claims on the 1983 return) and Count 5 (fraudulent withholding claims on the 1984 return). He was sentenced to prison and remains incarcerated. Attached hereto * * * are a copy of the indictment and a copy of a newspaper article describing * * * the guilty plea.

Petitioner submitted a written statement to the Court dated February 20, 1990, purporting to "object To Respondent Jurisdiction brief [sic]." The only part of this statement responsive to respondent's explanation of the collection activities, apart from the attachment referred to below, is a paragraph alleging that the Service's Sarasota office is biased and prejudiced against petitioner. According to this paragraph, petitioner had known McNally for some time prior to the subject collection activities and, as an accountant over the past 10 years, had represented clients with interests adverse to McNally. The paragraph further states summarily that the "statements" of McNally are untrue, although the statements petitioner refers to are not identified. Attached to petitioner's written statement is a copy of a letter purportedly sent to petitioner by McNally, which, in referring to certain delinquent amounts, begins: "We have previously made demand for payment of your 1982, 1983, and 1984 personal income tax."

On February 26, 1990, respondent moved in writing for leave to amend his supplemental notice of objection. The proffered amendment incorporates an affidavit from McNally, which concludes: "The facts as stated in the * * * Supplemental Notice of Objection are correctly stated and reflect my knowledge of this matter."

By order of this Court dated March 13, 1990, petitioners were directed to respond in writing, by March 29, 1990, to both respondent's supplemental notice of objection and respondent's motion for leave to amend his supplemental notice of objection. Petitioners did not so respond.

*Motion to Dismiss for Lack of Jurisdiction*

In addition to petitioners' motion to restrain collection, we have before us respondent's motion to dismiss for lack of jurisdiction as to petitioner, filed on January 23, 1990. The asserted legal ground is that petitioner has violated the automatic stay provisions of the Bankruptcy Code, namely 11 U.S.C. sec. 362(a)(8) (1988), and the supporting factual assertion is as follows:

On August 21, 1989 the petitioner Gabriel Schlosser filed a petition with the United States Bankruptcy Court for the Middle District of Florida under 11 U.S.C. Chapter 7. A copy of the Bankruptcy Court's Notice of First Meeting of Creditors and of automatic stay is attached hereto * * * .

By order of this Court dated January 26, 1990, petitioners were directed to file any objection to this motion on or before February 12, 1990.

Petitioner timely objected to the motion, but much of petitioner's response consists of vague constitutional arguments and a reassertion of petitioners' motion to restrain collection. This response does not deny petitioner's involvement in bankruptcy proceedings, nor does it even mention the automatic stay provisions of 11 U.S.C. sec. 362(a)(8) (1988). There is, however, an affirmative statement that "Mary Ellen Schlosser is not in bankruptcy."

Petitioner's submission to the Court dated February 20, 1990, states that petitioner has filed a bankruptcy petition and further states that petitioner's wife "has never filed a bankruptcy."

## Discussion

As the first of two preliminary matters, we consider the effect to be given to petitioner's submission dated February 20, 1990.

Petitioners filed their motion to restrain collection on December 14, 1989. Respondent timely filed a notice of objection and then, on February 12, 1990, timely filed a supplemental notice of objection. By order of this Court dated March 13, 1990, we directed petitioners to respond to the supplemental notice of objection by March 29, 1990, which petitioners did not do. Petitioner, however, on his

own initiative had submitted a lengthy statement to the Court dated February 20, 1990, which preceded our order directing a formal response. Because this submitted statement postdated respondent's supplemental notice of objection, yet preceded the March 29, 1990, response deadline set forth in the Court's order of March 13, 1990, we will treat the statement as filed pursuant to that order.

The second preliminary matter concerns respondent's motion, filed on February 26, 1990, for leave to amend his supplemental notice of objection. The amendment does not alter respondent's substantive position, but instead provides affidavit support for the supplemental notice of objection. The Court's order dated March 13, 1990, directed petitioners to make any objection to this motion by March 29, 1990. Petitioners did not so object. Accordingly, we will grant respondent's motion for leave to amend his supplemental notice of objection.

### Motion to Dismiss for Lack of Jurisdiction

Respondent bases his motion to dismiss for lack of jurisdiction as to petitioner on an alleged violation of the automatic stay applicable to bankruptcy proceedings. Section 362(a)(8) of the Bankruptcy Code provides for an automatic stay that prohibits "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor." See Rule 13(e). Generally, unless otherwise lifted by an order of the bankruptcy court, the automatic stay for an individual taxpayer continues until the bankruptcy case is closed or dismissed, or until, if earlier, a discharge is granted or denied. 11 U.S.C. sec. 362(c)(2) (1988); *Thompson v. Commissioner*, 84 T.C. 645, 648 (1985). While the stay continues, then, the debtor-taxpayer is prohibited from filing a petition in this Court. *J & S Carburetor Co. v. Commissioner*, 93 T.C. 166, 168 (1989); *McClamma v. Commissioner*, 76 T.C. 754, 757 (1981). Respondent, however, is not prohibited from issuing a notice of deficiency during the imposition of the stay. 11 U.S.C. sec. 362(b)(9) (1988); *Neilson v. Commissioner*, 94 T.C. 1, 7 (1990).

The petition in this case, which includes a statement that petitioner is "indigent," makes no reference to bankruptcy

proceedings of petitioner. Petitioner's written response to respondent's motion to dismiss for lack of jurisdiction fails to contradict respondent's contention about the commencement of bankruptcy proceedings. Nor does petitioner's response state or imply that the automatic stay has been lifted.

We will not consider petitioner's February 20, 1990, submission as an objection to respondent's motion to dismiss for lack of jurisdiction. Petitioner earlier took the opportunity to respond formally and timely to that motion in accordance with the Court's order of January 26, 1990. In any event, although the submitted statement mentions in passing that petitioner has filed a bankruptcy petition, the submission adds nothing beneficial to petitioners' cause in this regard.

Concerning respondent's legal authority, petitioner's formal and timely response fails even to mention section 362(a)(8) of the Bankruptcy Code, which respondent clearly specified as the exclusive legal ground for the motion. Petitioner's failure to address the legal issue does not mean, however, that petitioner (a nonlawyer) failed to understand respondent's position. Respondent's motion is short and straightforward, and petitioner's response affirmatively states that "Mary Ellen Schlosser is not in bankruptcy." We regard this statement, which respondent's motion does not even put in issue, as an attempt to salvage something from what petitioner recognizes to be his losing position on the motion. Under these circumstances, we deem petitioners to have conceded both the commencement of bankruptcy proceedings as to petitioner and the existence of an automatic stay. Cf. Rule 90(c) (deemed admission after failing to object or respond in detail to requested admission).

Therefore, respondent's motion to dismiss for lack of jurisdiction as to petitioner Gabriel Schlosser will be granted.

The commencement of bankruptcy proceedings by an individual joint petitioner does not affect the validity of the petition filed on behalf of another petitioner. *J & S*

*Carburetor Co. v. Commissioner, supra* at 169-170; *McClamma v. Commissioner, supra* at 758. Respondent does not contend that petitioner's wife filed her own bankruptcy petition or intervened in petitioner's proceeding nor that the Tax Court petition was improperly filed with respect to her. Accordingly, our granting of respondent's motion to dismiss for lack of jurisdiction as to petitioner will not affect the jurisdiction of this Court over petitioner's wife.

*Motion to Restrain Collection*

Regarding petitioners' motion to restrain collection, section 6213(a) generally prohibits the assessment or collection of taxes that are the subject matter of a case pending in this Court. Section 6213(a) also authorizes the "proper court" to enjoin such assessment or collection and, until recently, a taxpayer seeking injunctive relief was limited to the Federal District Court. *Kamholz v. Commissioner,* 94 T.C. 11, 15 (1990). This Court, however, now has jurisdiction to restrain the assessment and collection of taxes, effective as to orders entered after November 10, 1988. See Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6243(a), 102 Stat. 3342, 3749. Section 6213(a), as amended by TAMRA, expressly recognizes the Tax Court as a "proper court" and includes the following final sentence:

The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

Respondent's supplemental notice of objection to petitioners' motion states that the collection activities in question related in part to a taxable year, 1982, not a subject of the Tax Court petition. To the extent the collection activities in question did indeed relate to a year that is not before this Court, those activities are beyond our jurisdiction. *Kamholz v. Commissioner, supra* at 15. For years that coincide with those in the petition, however, the limits on our jurisdiction are not so clear.

Respondent maintains that, for the collection activities relating to taxable years addressed in the petition, 1983 and 1984, those efforts were directed at different tax liabilities

than those arising from the deficiency notice. Respondent contends that the subject of the collection activities relating to 1983 and 1984 is overstated withheld income taxes, which are covered by sections 6201(a)(3) (relating to immediate assessment of erroneous income tax prepayment credits) and 6213(b)(1) (relating to assessments arising out of mathematical or clerical errors) rather than by section 6213(a) (relating to restrictions on assessments applicable to deficiencies in cases of petitions to the Tax Court).

For convenience, we generally restrict our discussion hereinafter to overstated withheld income taxes. Although part of the alleged 1984 overstatement could be considered overstated estimated payments (despite originating as overstated withheld income taxes in 1983), we see no practical reason to draw such a distinction. Estimated payments are coupled with withheld income taxes under both section 6201(a)(3) and section 6211.

If a tax return contains an overstatement of the credit for income tax withheld at the source, the amount so overstated may be assessed "in the same manner as in the case of a mathematical or clerical error appearing upon the return." Sec. 6201(a)(3). Section 6213(b)(1) provides a summary assessment procedure that sets mathematical and clerical errors, if the taxpayer is appropriately notified, apart from the normal deficiency procedures:

If the taxpayer is notified that, on account of a mathematical or clerical error appearing on the return, an amount in excess of that shown on the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212(c)(1) (restricting further deficiency letters), or of section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section. * * *

Section 6213(a) now permits this Court to enjoin an action or proceeding "only in respect of the deficiency that is the subject of * * * [a Tax Court] petition." A deficiency for a given year, reduced to its simplest terms, is the correct amount of tax less the amount shown as tax on the tax

return. Sec. 6211(a); *Laing v. United States,* 423 U.S. 161, 173 (1976). Both the correct amount of tax and the amount shown on the return are computed without regard to credits for withheld taxes. Secs. 31 and 6211(a) and (b)(1); sec. 301.6211-1(b), Proced. & Admin. Regs. Consequently, a claim by respondent based on a taxpayer's overstatement of taxes withheld is not a deficiency within the meaning of section 6211. *Bregin v. Commissioner,* 74 T.C. 1097 (1980). See also *Hutchinson v. United States,* 677 F.2d 1322, 1326 (9th Cir. 1982); *Judge v. Commissioner,* 88 T.C. 1175, 1183 (1987); *Keefe v. Commissioner,* 15 T.C. 947, 955 (1950); *Clark v. United States,* 48 AFTR 2d 81-6120, 81-2 USTC par. 9623 (W.D. Ky. 1981); but see *Maxwell v. Campbell,* 205 F.2d 461 (5th Cir. 1953); *Repetti v. Jamison,* 131 F. Supp. 626 (N.D. Cal. 1955), affd. 239 F.2d 901 (9th Cir. 1956); *Briscoe v. Phinney,* 6 AFTR 2d 5208, 60-2 USTC par. 9651 (S.D. Tex. 1960), affd. 297 F.2d 591 (5th Cir. 1962).

Several courts, interpreting pre-TAMRA law, have found that injunctive relief under section 6213(a) is available only if a section 6211 deficiency is present. E.g., *Hutchinson v. United States, supra* at 1326; *Koch v. Alexander,* 561 F.2d 1115 (4th Cir. 1977); *United States v. Curd,* 257 F.2d 347, 350 (5th Cir. 1958); *Denton v. United States,* 235 F.2d 733, 734 (3d Cir. 1956). Because we have concluded that overstated withheld taxes are not deficiencies, this might suggest that, if respondent's factual contentions are true, petitioner is automatically foreclosed from section 6213(a) injunctive relief.

Other factors, however, complicate the issue. For example, there are section 6211 deficiencies before the Court for 1983 and 1984, years to which the objectionable collection activities relate. Moreover, section 6213(a) has been amended since most of the cases construing this section were decided and, as the case before us demonstrates, the precise scope of the amended version has not yet been definitively determined. Further, although overstated withheld taxes do not give rise to a deficiency, this Court nonetheless may consider such credits in determining the existence and amount of a taxpayer overpayment. Sec. 6512(b); *Judge v. Commissioner, supra* at 1183. Withheld

income taxes are thus, under some circumstances, within our jurisdiction.

At the very least, section 6213(a) prohibits this Court from enjoining activities relating to section 6211 deficiencies not before the Court, such as those from other taxable years. *Kamholz v. Commissioner, supra* at 15. Given this established limitation, we believe that we also lack jurisdiction to enjoin the collection activities for 1983 and 1984 at issue here. The assessments underlying these activities were made, pursuant to sections 6201(a)(3) and 6213(b)(1), outside of the normal deficiency procedures in sections 6211 through 6216. These assessments preceded respondent's determination of, and were not related to, the deficiencies that are the subject of the petition here. Cf. *Estate of Young v. Commissioner,* 81 T.C. 879, 883 (1983) (no jurisdiction over late payment addition to tax because not "attributable to a deficiency").

Further, although actual mathematical or clerical errors that are summarily assessed may become subject to the normal deficiency procedures after abatement, sec. 6213(b)(2)(A), this is not so for the deemed mathematical or clerical errors at issue here. Section 6201(a)(3) expressly provides that abatement is not available for summary assessments of overstated withheld taxes.

The legislative history underlying the TAMRA amendment to section 6213(a) justifies the expanded Tax Court jurisdiction in terms of "related issues": "The committee believes that generally both taxpayers and the Government are well served by permitting related issues to be litigated in the same forum." S. Rept. 100-309, to accompany S. 2223 (Taxpayer Bill of Rights), at 22 (1988). Collection of a tax is related to Tax Court litigation "if the tax is the subject of a timely filed petition pending before the Tax Court." S. Rept. 100-309, *supra* at 22. See also H. Rept. 100-1104 (Conf.), at 230 (1988). As noted, the allegedly overstated withheld taxes are not a subject of the petition here.

Finally, the scope of this Court's expanded section 6213(a) jurisdiction is best examined in light of the applicable statutory provisions prior to TAMRA. As then constituted, section 6213(a) described prohibited assessment and collection actions and also described the taxpayer remedy,

injunctive relief, for actions taken "during the time such prohibition is in force." Section 6213(b)(1), as it does now, expressly provided that its summary procedures for mathematical or clerical errors were not prohibited by the general restrictions in section 6213(a). We will not now read amended section 6213(a) to expand the injunctive jurisdiction to actions that are clearly not prohibited by the preceding sentences of the same subsection.

Given the above legal analysis of petitioners' motion, still at issue here are the associated factual matters. We must yet decide whether the collection activities that petitioners seek to enjoin indeed relate in part to 1982 and, for the remainder, to overstated withheld taxes.

This Court recently discussed the burden of proof applicable to a motion to restrain assessment and collection under section 6213(a). *Kamholz v. Commissioner, supra* at 15-16. In *Kamholz,* we determined that the moving party had to present "grounds that are plausible and believable." 94 T.C. at 16 (quoting *Williams v. Commissioner,* 92 T.C. 920, 935 (1989)). Having determined that such grounds were established, we held that the nonmoving party bore the burden of proving by a preponderance of the evidence that the assessments and collection in issue were not the subject of cases pending in this Court. 94 T.C. at 17. Although we have not conducted an evidentiary hearing, the burden-of-proof standard set forth in *Kamholz* applies similarly in this procedural and factual setting.

We believe that petitioners' motion sets forth the required plausible and believable grounds. On the one hand, we recognize that petitioners' factual assertions in the motion may appear to be inherently unreliable because of statements in their petition about a voluntary plea concerning fraud-related crimes:

Petitioner * * * was indicted on July 19, 1988 for 14 counts of income tax evasion and filing false and fraudulent claims to the United States government. Petitioner took a voluntary plea agreement whereby all [sic] 12 counts were dismissed and he plead [sic] guilty to filing a false tax return. * * *

On the other hand, petitioners do have a case docketed in this Court, and it remains valid as to petitioner's wife. Moreover, certain details in their motion, notably the name,

address, and telephone number of the allegedly "zealous" Service employee, McNally, enhance their credibility on this point.

Respondent, in his supplemental notice of objection, maintains that the collection activities in question relate to a taxable year not before this Court, 1982, and to assessments of overstated withheld taxes for 1983 and 1984, which overstatements are also not before this Court. As part of his amended supplemental notice of objection, respondent has supplied an affidavit from McNally that reads in part: "The facts as stated in the * * * Supplemental Notice of Objection are correctly stated and reflect my knowledge of the matter." Petitioner's submission dated February 20, 1990, by means of an attached copy of a purported letter from McNally, reinforces respondent's contention that McNally was pursuing payments for 1982, 1983, and 1984 unrelated to the petition here.

A moving party is required to state with particularity the grounds for the motion, Rule 50(a), and we need not address possible grounds not so stated. Inasmuch as petitioners' motion to restrain collection is directed toward McNally, and McNally only, we believe that respondent must prevail, because there can be no material dispute that the collection activities in question did not relate to the case pending in this Court, at least as contemplated by amended section 6213(a).

Petitioners' motion to restrain collection will be denied.

> *An order granting respondent's motion for leave to amend his supplemental notice of objection and granting respondent's motion to dismiss for lack of jurisdiction will be issued.*
>
> *An order denying petitioners' motion to stop collection action will be issued.*