EDWARD J. ROY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roy v. Commissioner
Docket No. 29377-89
United States Tax Court
T.C. Memo 1992-559; 1992 Tax Ct. Memo LEXIS 585; 64 T.C.M. (CCH) 842; September 23, 1992, Filed *585 An order and order of dismissal for lack of jurisdiction will be entered on the ground that the petition was not timely filed. For Edward J. Roy, pro se. For Respondent: Bruce Anderson. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before the Court on cross-motions to dismiss for lack of jurisdiction. By motion and supplemental motion, respondent contends that the case should be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time *586 prescribed by sections 6213(a) and 7502. In his motion petitioner contends that the statutory notice of deficiency was not sent to his last known address and that respondent failed to use due diligence to ascertain petitioner's last known address prior to mailing the deficiency notice. Accordingly, petitioner contends that this case should be dismissed for lack of jurisdiction on the ground that no valid statutory notice of deficiency under section 6212 was sent to him for the years in issue. Petitioner also filed a motion to restrain assessment or collection requesting that this Court enter a temporary restraining order enjoining respondent from collecting the tax determined in the subject statutory notice of deficiency until such time as this Court can rule on its jurisdiction in this case. In a notice of deficiency dated August 18, 1988, respondent determined the following deficiencies, increased interest, and additions to petitioner's 1983 and 1984 Federal income taxes: Increased Interest and Additions to Tax
Year
Deficiency
6621(c)
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1983
$ 186,770
[1]
$ 9,311
$ 25,682
[2]
$ 46,693
1984
120,491
[1]
7,431
16,893
[2] 30,123
*587 FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Boca Raton, Florida, when he filed his petition with this Court on December 12, 1989. Between 1984 and 1988 petitioner resided at several locations. The following chart lists petitioner's various mailing addresses and residences during that period: Date
Address
Source of Address
04/12/84
500 South Clayton Street
Application For
and
Mount Dora, Florida 32757
Automatic Extension
08/29/84
of Time to File U.S.
Individual Income Tax
Return attached to
1983 Form 1040
8/29/84
#18 Westwood Acres
1983 Form 1040
Loon Mountain, Lincoln
New Hampshire 03251
7/23/85
1548 S.E. 7th Court
1984 Form 1040
Deerfield Beach, Florida
33441
Not
1548 S.E. 7th Court
1986 Form 1040
specified
Deerfield Beach, Florida
in record
33441
2/26/87 1548 S.E. 7[sic] Court
Form 2848 (Power of
Deerfield Beach, FL 33441
Attorney and Declaration
of Representative with
respect to years 1983,
1984, and 1985)
3/16/87
1548 S.E. 7th Court
Form 872-A (Special
Deerfield Beach, Florida
Consent to Extend the
33441
Time to Assess Tax for
year ended 12/31/83)
4/15/88
5 Loon Brook, Lincoln
1987 Form 1040
New Hampshire
7/12/88
P.O. Box 820, Osterville
U.S. Bankruptcy Court
Barnstable Count
for District of
Massachusetts
Massachusetts
#88-11210-CJK,
Bankruptcy petition
cover sheet
7/22/88
501 Eel River Road
U.S. Bankruptcy Court
Osterville, Massachusetts
for District of
02655
Massachusetts,
#88-11210-CJK, Statement
of Financial Affairs for
Debtor Not Engaged in
Business
8/9/88
501 Eel River Road
Letter to IRS in
Osterville, Massachusetts
Miami, Florida
02655
8/15/88
501 Eel River Road
U.S. Bankruptcy Court
Osterville, Massachusetts
for District of
02655
Massachusetts,
#88-11210-CJK, Notice
of Filing of Amended
Schedules B-2 and
Summary of Debts and
Property
*588 On February 26, 1987, petitioner filed with the IRS Form 2848, Power of Attorney and Declaration of Representative, authorizing Bruce D. Soule (Soule) to represent him before the IRS for the taxable years 1983, 1984, and 1985. Samuel May (May) was an employee and agent for Soule during the time of the IRS examination of petitioner's 1983 and 1984 tax returns. May was in charge of handling the resolution of petitioner's Federal income tax issues during the 12 or 13 months he was in Soule's employ and after he left Soule to open his own practice. Soule had minimal input into petitioner's Federal income tax matters. May left Soule's employ in late summer 1987, and Soule assumed May would handle the controversy with the IRS thereafter. When the notice of deficiency was issued for the 1983 and 1984 tax years, the IRS administrative file contained information, including documentation of a telephone call with Soule, that Soule no longer represented petitioner and did not wish to receive copies of information and that a new power of attorney was not on file. The administrative file also indicates that Soule considered it likely that there was a new power of attorney on file authorizing *589 May to act for petitioner. Such statement in the records is consistent with Soule's professed belief that May, and not he, was petitioner's representative and tax adviser. Petitioner sent a written document of revocation of power of attorney dated November 22, 1988, to Soule, who received and initialed it on December 2, 1988. Copies of statements of changes to account were issued by the IRS in Andover, Massachusetts, to petitioner at an address in care of Soule. These copies were sent to Soule because the computer was not yet updated with the information that Soule no longer was authorized to act for petitioner under power of attorney. Petitioner never filed a power of attorney for May. On July 6, 1988, petitioner filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts. On the bankruptcy petition, petitioner listed as his mailing address P.O. Box 820, Osterville, Barnstable County, Massachusetts (P.O. Box 820 address). On July 12, 1988, petitioner sent a copy of the bankruptcy petition, which listed the P.O. Box 820 address, to the Office of the District Counsel, Internal Revenue Service, Boston, *590 Massachusetts. During this time petitioner also had various conversations with representatives of Boston District Counsel regarding the 1978 and 1979 tax years that resulted in the filing of a Tax Court petition and an ultimate settlement after payment of the tax in issue. Petitioner claims that he listed the P.O. Box 820 address on his petition for 1978 and 1979. The IRS filed a Proof of Claim in petitioner's bankruptcy case on October 25, 1988. On March 6, 1989, petitioner's Chapter 11 bankruptcy case was dismissed with prejudice. IRS revenue agent Kathy Harris (Harris) of the Fort Lauderdale District Office prepared the statutory notice of deficiency issued to petitioner for 1983 and 1984. Harris was informed of petitioner's bankruptcy while preparing the notice of deficiency, but was not informed of, nor aware of, any addresses other than those mentioned in the administrative file. On August 18, 1988, duplicate originals of the notice of deficiency were mailed by certified mail from Fort Lauderdale, Florida, to the following three addresses: 501 Eel River Road, Osterville, Massachusetts 02655 (Eel River Road address), 1548 Southeast 7th Court, Deerfield Beach, Florida 33441 *591 (Deerfield Beach address), and 5 Loon Brook, Lincoln, New Hampshire 03215 (Loon Brook address). The Eel River Road address was listed on Form 3198, an internal IRS transmittal form, as petitioner's most current address. There is evidence that respondent also was informed of this address by Soule. Petitioner also used this address on correspondence with respondent during July and August of 1988. Harris sent a second copy of the notice to the Deerfield Beach address because this was the address on petitioner's 1984 Federal income tax return. This address was also the address listed by petitioner on the power of attorney and the consent to extend the statute of limitations. Harris sent a copy to the Loon Brook address because that was the address that the IRS computer system showed as the most current address, and was the address on petitioner's 1987 Federal income tax return filed on April 15, 1988, with the Andover Service Center. At the hearing of the motions under consideration, respondent introduced substantial consistent documentary and testimonial evidence supporting the mailing of the three copies of the notice of deficiency, including a properly completed Postal Form *592 3877, reflecting postal service receipt. The only copy of the notice of deficiency that was returned to respondent was the notice that was mailed to the Loon Brook address. This notice was marked "refused, unknown, return to sender". When a notice is returned to the IRS, under IRS procedures the 90-day clerk is required to obtain a current transcript, or a MFTRA-E. The MFTRA-E introduced into evidence in this case indicates petitioner's most current address as the Loon Brook address. Petitioner claims that he never received any of the copies of the notice of deficiency that were mailed. Petitioner lived at the 501 Eel River Road address at the time the notice was mailed to that address by certified mail. Petitioner never filed a change of address form with the IRS or sent a letter to the IRS specifically informing IRS of a new address. OPINION Respondent's motion to dismiss for lack of jurisdiction is based on the ground that the petition was not filed timely. Generally, a taxpayer has 90 days from the issuance of a notice of deficiency to file a petition with this Court. Sec. 6213(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989). However, *593 on July 6, 1988, petitioner filed for protection under Chapter 11 of the Bankruptcy Code, and under the provisions of 11 U.S.C. sec. 362(a)(8) (1988), a taxpayer is prohibited from filing a petition with this Court while the bankruptcy case is pending. Section 6213(f)(1) provides that in any case under title 11 of the United States Code; the 90-day period is suspended for the period during which the debtor is prohibited by reason of such case from filing a Tax Court petition, and for 60 days thereafter. Under the circumstances of this case, the stay under 11 U.S.C. sec. 362(a)(8) (1988) remained in effect until March 6, 1989, the date of dismissal of petitioner's bankruptcy case, and for 60 days thereafter, or until May 5, 1989. 11 U.S.C. sec. 362(c)(2)(B) (1988). The petition was required to be filed within 90 days of May 5, 1989, or by August 3, 1989. It was not filed until December 12, 1989. Petitioner objected to respondent's motion and filed a motion to dismiss for lack of jurisdiction on the ground that the notice of deficiency was not mailed to his "last known address" within the meaning *594 of section 6212(b)(1). He argues that the petition should be dismissed because the notice of deficiency was not valid. The jurisdiction of this Court is governed by statute. Sec. 7442. It is generally premised on both the issuance of a notice of deficiency by the Secretary of the Treasury or his delegate and the taxpayer's timely filing of a petition for redetermination of the deficiency. Secs. 6212 and 6213; Monge v. Commissioner, supra; Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). Whether the notice of deficiency is received by the taxpayer is irrelevant if the safe harbor in section 6212(b)(1) applies because a notice mailed to the last known address is valid for all purposes on the date of mailing even if the taxpayer never receives it. Lifter v. Commissioner, 59 T.C. 818, 822-823 (1973). The burden of proving that the subject notice of deficiency was not sent to petitioner's last known address is on petitioner. Monge v. Commissioner, supra at 31. *595 Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address". Generally, a taxpayer's last known address is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Monge v. Commissioner, supra at 27-28. A taxpayer's last known address is determined at the time the Commissioner mails the notice of deficiency, and the notice is valid even if the Commissioner later receives information showing that the taxpayer resides at a different address. See sec. 6212(b)(1); Monge v. Commissioner, supra at 33; Abeles v. Commissioner, supra at 1035. In Abeles v. Commissioner, supra at 1035, we held that respondent is entitled to treat the address shown on a taxpayer's most recent return as the taxpayer's last known address, absent clear and concise notification of an address change. When notified of a change of address, respondent must exercise reasonable care and diligence in ascertaining and mailing the notice of *596 deficiency to the correct address. Looper v. Commissioner, 73 T.C. 690, 696 (1980); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Whether respondent has exercised reasonable care and diligence must be determined in light of the facts and circumstances of each case. Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Petitioner contends that (1) respondent was notified of his change of address to P.O. Box 820 because that address was listed on the bankruptcy petition, and (2) respondent did not exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the P.O. Box 820 address because the revenue agent did not call directory assistance in Osterville, Massachusetts, petitioner's employer, petitioner's accountant, petitioner's power of attorney, Boston District Counsel, or the bankruptcy court to find his most recent address. None of the evidence submitted by petitioner shows that clear and concise notification of a new address was wal provided *597 to respondent after he filed his 1987 return on April 15, 1988, and before the notice of deficiency was issued on August 16, 1988. We agree with respondent that the P.O. Box 820 address on the bankruptcy petition cover sheet was not "clear and concise" notification of a change of address. Correspondence bearing an address different from the address on the most recent return does not, of itself, constitute clear and concise notification of a change of address. See, e.g., Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985), affg. an unreported order of this Court; Alta Sierra Vista, Inc. v. Commissioner, supra at 175. In order to supplant the address on the most recent return, the taxpayer must clearly indicate that the former address no longer should be used. See Tadros v. Commissioner, supra at 92. Petitioner admits that he did not inform respondent specifically that the address on his most recent return no longer should be used or that he wanted a different address to be used for tax purposes. Petitioner also argues that the petition filed with this Court for the 1978 and 1979 years was clear and *598 concise notification of an address change. This contention has been rejected by this Court. See Mollet v. Commissioner, 82 T.C. 618, 627-628 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). Under the circumstances of this case petitioner did not give respondent clear and concise notification of an address change. Petitioner also argues that respondent did not exercise due diligence in ascertaining his last known address because respondent did not follow internal procedures used where there is an undeliverable initial contact letter. For example, petitioner objects that respondent failed to consult local telephone directories or call petitioner's return preparer or his employer to check his address. The evidence here is that respondent had no reason to take such actions. The deficiency notice had been mailed by certified mail to: (1) The address on petitioner's 1984 and 1986 returns (Deerfield Beach address); (2) the address on his 1987 return which was the most recent address shown by the IRS computer system (Loon Brook address); and (3) an address which was listed on an IRS internal transmittal *599 form as most recent and which appears in the administrative file in copies of 1988 bankruptcy filings and in correspondence, and allegedly also was furnished by the accountant who held petitioner's power of attorney (Eel River Road address). Only the copy sent to the Loon Brook address was returned. Respondent had every reason to believe that one or both of the other notices had been delivered to petitioner. We note that, at the time in question, petitioner actually lived at the Eel River Road address, although he had rented a post office box in the Town of Osterville, Massachusetts. Moreover, there is substantial evidence that before mailing the notices, respondent's agent called the accountant who held petitioner's power of attorney and was told that the accountant no longer represented petitioner and did not want copies of correspondence to petitioner sent to him. There also is evidence that the accountant suggested the Eel River Road address. The accountant does not recall this conversation, but the evidence provided by respondent's agent and her contemporaneous notation is more persuasive than that provided by petitioner's former accountant's absence of memory. Under these *600 circumstances, we think respondent clearly exercised due diligence in obtaining petitioner's last known address. Indeed, on this record there is reason to believe respondent sent a notice of deficiency by certified mail properly addressed to petitioner at the address on Eel River Road, Osterville, Massachusetts, where petitioner in fact was living at the time the notice was mailed to him. Petitioner has the obligation to provide respondent with clear and concise notification of an address change. Respondent followed the appropriate procedures in issuing the notice of deficiency in this matter. The evidence presented in this case shows that the IRS exercised due diligence at the time the notice of deficiency was mailed. The revenue agent took extra precaution in mailing the notice to three addresses because of petitioner's transient nature and his history of using several addresses when corresponding with the IRS. Respondent has no duty to effectuate delivery of the notice after it is mailed. Monge v. Commissioner, 93 T.C. 22, 33 (1989). Respondent mailed the three copies of the notice of deficiency herein involved to petitioner at his last known *601 address by certified mail on August 18, 1988, as shown by the postmark date on the executed certified mailing list Form 3877. The period for timely filing the petition in this case expired on August 3, 1989, which date was not a legal holiday in the District of Columbia. The petition herein was filed with the Court on December 12, 1989, 131 days late. On these facts, we hold that the petition was not timely filed under the provisions of section 6213(f). Accordingly, on the basis of this record, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioner's motion to dismiss for lack of jurisdiction will be denied. We note that at trial respondent's counsel stated that collection actions against petitioner had been suspended during the pendency of these motions. Since we have decided that we lack jurisdiction to redetermine petitioner's Federal income tax deficiencies, increased interest, and additions to tax for 1983 and 1984, it follows that this Court also lacks jurisdiction of the motion to restrain assessment and collection. See secs. 6213(a), 6863(b)(3)(B) and (c); Rules 57 and 55, and the explanatory notes pertaining thereto at 93 T.C. 886-891 and 876-877. *602 See also Schlosser v. Commissioner, 94 T.C. 816, 823 (1990); Kamholz v. Commissioner, 94 T.C. 11, 15 (1990). An order and order of dismissal for lack of jurisdiction will be entered on the ground that the petition was not timely filed. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 120 percent of the interest accruing after December 31, 1984, with respect to $ 167,451 for 1983 and $ 94,621 for 1984, the amounts determined to be substantial underpayments of tax attributable to tax motivated transactions for both years. ↩
2. 50 percent of the interest due on the underpayments in issue, all of which are determined to be attributable to negligence.↩